**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3845
_____

FREDERICK VANTASSEL,
                                        Appellant
v.

GERALD L. ROZUM; JOSEPH VISINSKY;
CATHERINE MCVEY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-00171)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2012
Before:  RENDELL, FUENTES and WEIS, Circuit Judges
(Opinion filed March 21, 2012)
_____

OPINION
_____

PER CURIAM.

Vantassel, a prisoner in Pennsylvania, appeals from the District Court's orders

denying his complaint under 42 U.S.C. § 1983, his motion for reconsideration, and his

motion for relief from judgment.  For the reasons that follow, we will dismiss in part and

affirm in part.

## I.

In 2008, Vantassel filed in the District Court a complaint under 42 U.S.C. § 1983, alleging that prison officials and medical staff at the State Correctional Institution in Somerset, Pennsylvania, were deliberately indifferent to his medical problems on several occasions between 2004 and 2007. The defendants filed a motion to dismiss, which the District Court granted on June 25, 2009, over Vantassel's objections. On July 7, 2009,[1] Vantassel filed in the District Court a motion for reconsideration pursuant to Fed. R. Civ. P. 59. The District Court denied the motion on July 30, 2009. On August 17, 2009, Vantassel filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). The District Court denied that motion on September 1, 2009, and Vantassel filed a notice of appeal on September 22, 2009.

## II.

At the outset, we must address the scope of our jurisdiction over this appeal. An appellant in a civil case must file a notice of appeal within 30 days after the judgment or order appealed from is entered. See Fed. R. App. P. 4(a)(1)(A). Statutory time limits for

---

[1] Because Vantassel is a prisoner, his submissions were filed on the date he submitted them to prison authorities for forwarding to the District Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). In evaluating Vantassel's appeal, we will therefore treat his submissions as though they were filed on the date each filing was purportedly delivered to prison officials, i.e., the date on which they were signed, rather than on the date each filing was entered on the District Court's docket.

2

taking an appeal, such as the limits in Appellate Rule 4(a)(1),[2] are jurisdictional. See

Bowles v. Russell, 551 U.S. 205, 213 (2007). At the time Vantassel filed his notice of

appeal, Appellate Rule 4 included two provisions relevant to our analysis. First, under

Appellate Rule 4(a)(4)(A)(iv), a timely motion to alter or amend a judgment under Rule

59(e), i.e., one filed within 10 days of the challenged judgment or order, see Fed. R. Civ.

P. 59(e) (2009), tolled the time to file a notice of appeal. Second, under Appellate Rule

4(a)(4)(A)(vi), a timely motion under Rule 60 would also toll the time to appeal if that

motion was filed within 10 days of the challenged judgment or order.

Here, Vantassel timely filed his Rule 59(e) motion. Thus, the 30-day period in

which he had to appeal the dismissal of his complaint was tolled until the Rule 59(e)

motion was denied on July 30, 2009. At that point, Vantassel had to file a notice of

appeal on or before August 31, 2009, *or* file a motion under Appellate Rule 4(a)(4)(A)

that further tolled the time to appeal. However, Vantassel did not file his Rule 60(b)

motion until August 17, 2009, which was more than 10 days after the Rule 59(e) motion

was denied. Thus, the Rule 60(b) motion[3] did not further toll the time in which Vantassel

---

[2] While we will make references to the Federal Rules of Civil Procedure simply as "Rules," we will use the shorthand "Appellate Rule" when referring to the Federal Rules of Appellate Procedure.

[3] Vantassel sought relief under Rules 60(b)(1) and (6). A motion under subsection (b)(1) must be filed within one year of the challenged order or judgment; a motion under subsection (b)(6) must be filed merely "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Vantassel's motion was clearly filed within one year of the challenged

3

had to appeal the denial of his Rule 59(e) motion, and his September 22, 2009 notice of appeal was therefore timely only as to the denial of his Rule 60(b) motion. Accordingly, as the Appellees argue, we lack jurisdiction to review the denial of the Rule 59(e) motion or the dismissal of his complaint.[4]

### III.

We turn next to the denial of Vantassel's Rule 60(b) motion. We review the denial of a motion under Rules 60(b)(1) and (6) for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). In denying Vantassel's Rule 60(b) motion, the District Court declined to supply any reasoning to support its decision. Nevertheless, we may affirm if any basis supporting the District Court's decision is apparent from the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

A motion may be brought under Rule 60(b)(1) seeking relief from a judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) serves as a "catchall" provision, and will allow for relief from judgment for "any . . . reason that justifies relief" that is not within the scope of Rules 60(b)(1) - (5). "This

---

orders, and we assume without deciding that the motion was timely to the extent that he sought relief under Rule 60(b)(6).

[4] Further, even if the Appellees had not raised the argument that Vantassel's notice of appeal was untimely under Appellate Rule 4(a)(4)(A) as to the dismissal of his complaint and the denial of his motion to reconsider, we would have the authority to dismiss those portions of his appeal *sua sponte*. See Long v. Atl. City Police Dep't, __ F.3d ____, 2012 WL 432276, *6 n.18 (3d Cir. Feb. 13, 2012) (citing United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008)).

court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (internal quotation marks and citations omitted).

In dismissing Vantassel's complaint, the District Court adopted the reasoning in the Magistrate Judge's Report and Recommendation that the complaint was time-barred with regard to Vantassel's claims about conduct occurring before July 2006, and that he had failed to either allege any specific acts of deliberate indifference occurring during or after July 2006 or demonstrate that he exhausted available administrative remedies with respect to such claims. In his Rule 60(b) motion, Vantassel appears to have argued that the District Court concluded that he failed to exhaust any administrative remedies with regard to problems he encountered before July 2006. However, the District Court expressly noted that the parties did not dispute that Vantassel had exhausted those claims. Rather, the District Court's exhaustion analysis involved Vantassel's claims relating to alleged violations occurring during or after July 2006. In short, Vantassel's Rule 60(b) motion reflected a misunderstanding of the District Court's decision, and the District Court therefore acted within its discretion in denying it.

For the reasons given, we will dismiss in part and affirm in part.

5