PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1412
_____

ANTONIO PEARSON
*Appellant*

v.

SECRETARY DEPARTMENT OF CORRECTIONS; SUPERINTENDENT GERALD
ROZUM; DEPT. SUPT.SYLVIA GIBSON; DEPT. SUPT. STEVEN GATES; MAJOR
DANIEL GEHLMANN; D-UNIT MANAGER MANDY-JO BISER; D-UNIT
MANAGER MR. PUTMAN; UNIT MANAGER HUNTER; E-UNIT MANAGER
EDWARD MULLIGAN;ALLEN JOSEPH, INMATE PROGRAM MANAGER; CAPT.
THOMAS PAPUGA;SECURITY CAPTAIN LEO GLASS; CFSM-II PAUL FISHER;
CFSM-I DONALD LEPLEY; CFSS JOE REAMS; CFSI DON KOT; CAPT. GRIFFIN;
CAPT. PESERVA, (6-2 Shift); LT. REGESTER; SGT. CLIPPINGER; SGT. FRANK
KARL; SGT. MOORE, Warden; SGT. RITENOUR; CO I TROY; CO I PRITTS; CO
I MCKENZIE; CO I KRUMEL; CO I ACKERMAN; CO I LONG; CO I KIMMEL;
CO I FOUST; CO I GAYDIS; SHARON M. BURKS; CINDY G. WATSON;
KRISTEN P. REISINGER; DORINA VARNER; MICHAEL P. WOLANIN;
EDWARD J. CWIK, CORRECTIONS EMPLOYMENT
PERSONEL; C.O. I. SINGER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-09-cv-00054)

District Judge: Honorable Kim R. Gibson
_____

Argued: November 20, 2014
Before: MCKEE, *Chief Judge*, RENDELL, SLOVITER, <u>Circuit Judges</u>.

(Opinion filed: January 7, 2015)

Jessica C. Collins, Esq.          [ARGUED]
Kellogg, Huber, Hansen, Todd, Evans & Figel
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036

*Attorney for Appellant*

Kemal A. Mericili, Esq.          [ARGUED]
Office of Attorney General of Pennsylvania
6th Floor
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219

*Attorneys for Appellees*

_____

OPINION OF THE COURT
_____

SLOVITER, *Circuit Judge*.

This appeal requires us to decide whether Pennsylvania's statute of limitations is tolled while a prisoner exhausts administrative remedies prior to filing a civil rights lawsuit as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), or in the alternative, whether federal equitable tolling principles are applicable. Additionally, we must determine if the District Court erred when it dismissed, for failure to state a claim, the portion of Antonio Pearson's 42 U.S.C. § 1983 claim that it deemed timely.[1]

I.

---

[1] We thank pro bono counsel, Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC, for their able representation of Pearson.

2

Pearson is serving a life-term in the Pennsylvania prison system. According to Pearson, "Department of Corrections employees engaged in a two-year campaign of harassment against him in retaliation for the filing of a civil lawsuit and at least seven grievances." Appellant's Br. at 3–4. Pearson's allegations are discussed below.

Beginning in 2006, Pearson filed a civil lawsuit against a number of prison officials in the Somerset County Court of Common Pleas. Thereafter, Pearson filed his first grievance alleging that corrections officers had performed a cell search to confiscate and read his legal materials on November 23, 2006. In a grievance addressing a January 9, 2007 incident, Pearson claimed that a corrections officer had refused to provide him with grievance paperwork unless Pearson informed the corrections officer what his grievance was about. Pearson filed another grievance that alleged that Corrections Food Service Instructor Don Kot punched him in the arm several times while he was working in the Dietary Department on February 2, 2007. Next, Pearson filed a grievance after a corrections officer told him on February 13, 2007 that he was not permitted to cite to the Department of Corrections' Code of Ethics in his grievances. Additionally, Pearson filed a grievance addressing a February 26, 2007 incident, in which he claimed that he was terminated from his dietary position by Corrections Food Service Managers Paul Fisher and Joe Reams and E-Unit Manager Ed Mulligan for filing his civil lawsuit and for filing the grievance about Kot's alleged assault.

Pearson also claims that he was subjected to a series of cell searches and relocations in retaliation for filing his civil lawsuit and grievances. Pearson states that on September 24, 2007 he was denied a meal by corrections officers because he "was running his mouth," and on that date he filed a grievance claiming that he "was still being black-balled from getting a job." App. at 68. Pearson also details an argument with Sergeant Clippinger that occurred on February 29, 2008 wherein he claims that Clippinger, without provocation, yelled at him in an aggressive manner in front of several other inmates stating that Clippinger was not afraid of Pearson's grievances.

3

Pearson was later assigned to a "blockworker" position on August 17, 2008. Pearson alleges that on October 19, 2008 Sergeant Frank Karl learned of his appointment and took steps to remove Pearson from the position; Pearson claims that he attempted to file a grievance but corrections officers removed it from his mailbox. Pearson was removed from his job the next day on October 20, 2008 by Karl. According to Pearson's amended complaint, Unit Manager Hunter told him that he was terminated from his position because of the grievances that he had filed.

## II.

Pearson filed a complaint alleging violations of 42 U.S.C. § 1983 on February 28, 2009,[2] and was later granted leave to amend his complaint.[3] The defendants filed a motion to dismiss, and the Magistrate Judge recommended granting the motion on the basis that all of Pearson's "non-trivial" allegations that occurred prior to March 1, 2007 were time-barred under Pennsylvania's two year statute of limitations. App. at 4–6. Additionally, the Magistrate Judge concluded that Pearson's claim based on his termination from his position as a blockworker was timely, but that he failed to state a claim because there were "no facts that allow a plausible inference that [the termination] was caused by any protected activity of plaintiff's." App. at 7. The Magistrate Judge reasoned that "if a retaliatory animus can be legally derived from temporal proximity of an inmate's grievances or lawsuits to a decisionmaker's decision, then frivolous inmate litigation [would] become[] the legal equivalent of a breeder

---

[2] Pearson's complaint was signed on February 28, 2009 and received by the court on March 3, 2009. "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. S.C.I. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

[3] Pearson's amended complaint named thirty-nine defendants. However, the Magistrate Judge determined that only the allegations against Kot, Fisher, Reams, Mulligan, and Karl (collectively, "defendants") were specific enough to warrant service and dismissed the balance of Pearson's remaining claims.

4

reactor." App. at 8. The District Court adopted the Magistrate Judge's Report and Recommendation.

Pearson filed objections to the Magistrate Judge's Report and Recommendation claiming that the Magistrate Judge failed to toll the statute of limitations while Pearson exhausted his administrative remedies pursuant to the PLRA and erred by not accepting the allegations of his complaint as true with respect to his retaliatory discharge claim.[4] In a second Report and Recommendation in response, the Magistrate Judge relied on Congress' intent to curb frivolous inmate litigation and concluded that because "[t]he choices of what remedies to afford, where inmates can file in state court, and the exhaustion requirements in state court are up to the state and the litigant" the PLRA is not a statutory prohibition.[5] App. at 17. Additionally, the Magistrate Judge concluded that application of equitable tolling principles was inappropriate because Pearson made no showing that prison officials had prevented or obstructed Pearson from completing the grievance process to run out the statute of limitations. The District Court adopted the Magistrate Judge's second Report and Recommendation.

---

[4] Pearson's objections to the Magistrate Judge's Report and Recommendation were filed sixteen days late. Pearson claimed that this delay was based on the unavailability of the prison law library due to the winter holidays. The Magistrate Judge noted Pearson's untimely objections and addressed them on the merits, and the District Court adopted the Magistrate Judge's Report and Recommendation. As the District Court addressed Pearson's claims on the merits, despite his untimeliness, we address them as well.

[5] At argument, counsel for the Secretary of the Department of Corrections asserted that the Magistrate Judge's reasoning could be understood to mean that because the PLRA was too porous—at least partially because the PLRA only required exhaustion of administrative remedies by litigants that are currently incarcerated—it cannot be considered a statutory prohibition under Pennsylvania's tolling statute. *See Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (acknowledging that the PLRA's exhaustion requirement is inapplicable to former prisoners).

III.

A.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009). We also exercise plenary review over a district court's application of statutes of limitations and tolling principles. *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000). Lastly, we exercise plenary review over a district court's interpretation of state law. *Royal Ins. Co. of Am. v. KSI Trading Corp.*, 563 F.3d 68, 73 (3d Cir. 2009).

B.

Congress has not codified a statute of limitations applicable to suits for the vindication of civil rights and has instead "determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law." *Hardin v. Straub*, 490 U.S. 536, 538 (1989); *see also* 42 U.S.C. § 1988. "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Additionally, a state's tolling principles also govern § 1983 claims when they do not conflict with federal law. *Id.*

As Pearson's § 1983 claims arise in Pennsylvania, we must apply Pennsylvania's statute of limitations. Under Pennsylvania law, personal injury claims must be brought within two years of the accrual of the claim. 42 Pa. Cons. Stat. § 5524(7). Pennsylvania law also provides that "[w]here the commencement of a civil action or proceeding has been stayed by a court or *by statutory prohibition*, the duration of the stay is not a part of the time within which the action or proceeding must be commenced." 42 Pa. Cons. Stat. § 5535(b) (emphasis added). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

6

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, the timeliness of Pearson's § 1983 claims hinges on whether the PLRA's exhaustion requirement is a "statutory prohibition" under Pennsylvania's tolling statute, and if so, how long the statute of limitations is tolled on Pearson's claims.

We have previously addressed this issue in non-precedential opinions. Most recently, we stated: "[t]hough this Court has not spoken on the issue, several courts of appeals have held that, because exhaustion of prison administrative remedies is mandatory under the [PLRA], the statute of limitations applicable to § 1983 actions should be tolled while a prisoner exhausts." *Pressley v. Huber*, 562 Fed. App'x 67, 70 (3d Cir. 2014) (per curiam); *see also Paluch v. Sec'y Pa. Dep't Corr.*, 442 Fed. App'x 690, 694 (3d Cir. 2011) (per curiam) (holding that "[b]ecause exhaustion of prison administrative remedies is mandatory under the [PLRA], the statute of limitations available to § 1983 actions may be tolled while a prisoner exhausts.")

The Seventh Circuit has analyzed this issue based on Illinois' tolling statute, which contains the same "statutory prohibition" tolling provision as the Pennsylvania statute. *Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001). The *Johnson* court held that Illinois' tolling statute applies to the exhaustion requirement of the PLRA and noted the "procedural catch 22" that would exist if the statute of limitations were not tolled. *Id.* ("The 'catch 22' in this case is self-evident: the prisoner who files suit under § 1983 prior to exhausting administrative remedies risks dismissal based upon [the PLRA]; whereas the prisoner who waits to exhaust his administrative remedies risks dismissal based upon untimeliness."). The Fifth Circuit similarly concluded, based on a textual reading of Louisiana's tolling statute, that Louisiana's statute of limitations is tolled while a prisoner exhausts administrative remedies. *Harris v. Hegmann*, 198 F.3d 153, 156–59 (5th Cir. 1999). These two opinions are instructive as the tolling statutes contain language similar to Pennsylvania's tolling statute.[6]

---

[6] Other circuits, by explicitly or implicitly utilizing the doctrine of federal equitable tolling, have concluded that

Additionally, the district courts in Pennsylvania have almost uniformly concluded, by construing opinions of other courts of appeals and our non-precedential opinions on this issue, that Pennsylvania's statute of limitations is tolled while a prisoner exhausts administrative remedies. *See, e.g.*, *Walton v. Walton*, No. 13–1109, 2014 WL 4348170, at *6–7 (W.D. Pa. Sept. 2, 2014); *Robinson v. Prison Health Servs.*, No. 10–7165, 2014 WL 2452132, at *4 (E.D. Pa. June 2, 2014); *Ozoroski v. Maue*, No. 08–0082, 2009 WL 414272, at *6–7 (M.D. Pa. Feb. 18, 2009).

One district court reasoned to the contrary, stating that "[t]he limitations period for an inmate's civil claim does not run from the date of exhaustion of administrative remedies, nor is it tolled while remedies are being exhausted, even though exhaustion of those administrative remedies is mandatory." *Vantassel v. Rozum*, No. 08–0171, 2009 WL 1833601, at *2 (W.D. Pa. June 25, 2009), *aff'd on other grounds*, 469 Fed. App'x 110 (3d Cir. 2012) (per curiam).[7]

In his Report and Recommendation, the Magistrate Judge in this case focused on congressional intent to reduce prisoner litigation and concluded that the PLRA is not a "statutory prohibition" under Pennsylvania's tolling statute because the issue of whether to provide and utilize administrative remedies is left to the state and litigant; the

---

statutes of limitations in other states are tolled while a prisoner exhausts. *See Gonzalez v. Hasty*, 651 F.3d 318, 322–24 (2d Cir. 2011); *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005); *Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000). As we are not deciding this case on the basis of equitable tolling, we note the existence of these cases, but do not rely upon them.

[7] We note that the same Magistrate Judge and District Judge in this case also presided over *Vantassel*. In that case, we affirmed the judgment on other grounds, notably, because the prisoner in this case had filed a faulty Rule 60(b) motion and because the prisoner's notice of appeal for his Rule 59(e) motion was untimely, and therefore we lacked jurisdiction to review it. *Vantassel*, 469 Fed App'x at 111–12.

District Court adopted the Report and Recommendation. This reasoning confuses the issue. There is no ambiguity in the PLRA: it is clearly a statutory prohibition that prevents a prisoner from filing § 1983 actions until the prisoner exhausts all administrative remedies. 42 U.S.C. § 1997e(a).

Additionally, the availability of state remedies is irrelevant as the PLRA does not require a prisoner to rely on state remedies in lieu of a § 1983 claim. Rather, the PLRA merely requires exhaustion of administrative remedies prior to the initiation of a § 1983 claim.[8] This conclusion is supported by nearly all of the precedents in this and other circuits.

As we have concluded that the PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies, we need not address Pearson's federal equitable tolling argument.

## C.

We now address Pearson's timely retaliatory discharge claim. "When considering an appeal from a Rule 12(b)(6) dismissal, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 452 (3d Cir. 2006). We construe the pleadings of *pro se* litigants liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

---

[8] We also do not agree with the Secretary of the Department of Corrections' argument that the PLRA is not a statutory prohibition because the statute is too porous, apparently because it only applies to those who are currently incarcerated. The PLRA prohibits currently incarcerated prisoners from filing § 1983 claims prior to exhausting administrative remedies, which is a statutory prohibition under Pennsylvania's tolling statute. *See* 42 U.S.C. § 1997e(a); 42 Pa. Cons. Stat. § 5535(b). To the extent that the PLRA does not require former prisoners to exhaust administrative remedies prior to filing § 1983 suits, it is of no moment, as current prisoners still face a statutory prohibition.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts alleged in the complaint allow a court to draw a reasonable inference that the defendant is liable. *Id.* However, mere "[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements" are insufficient to survive a motion to dismiss. *Id.*

Pearson pleads in his complaint what could be considered a pattern of antagonism that evidences his retaliatory dismissal. Perhaps even more importantly, Pearson also pleads in his complaint that Unit Manager Hunter told him that he was terminated in retaliation for filing his grievances. Of course, his complaint is not without its weaknesses, as the last instance of antagonism, aside from an argument with Clippinger and his cell relocation, occurred nearly a year prior to Pearson's termination. While temporal proximity is often important to establish retaliation, "the mere passage of time is not legally conclusive proof against retaliation." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997) (internal quotation marks and citation omitted). We must accept Pearson's allegations as true and draw all reasonable inferences in his favor. *Brown*, 464 F.3d at 452. We find that Pearson has pled sufficient facts to state a claim upon which relief can be granted, especially when we consider his allegation that Hunter admitted that Pearson's termination was retaliatory.

IV.

Because we hold that the PLRA is a statutory prohibition under Pennsylvania's tolling statute, we reverse the District Court's order dismissing Pearson's complaint. We remand the case to the District Court for a determination of whether Pearson exhausted his administrative remedies on all of his § 1983 claims. Regarding the claims that the District Court initially determined were untimely, if the court determines that Pearson exhausted his administrative remedies, the court should then determine what period of time

10

is tolled during the exhaustion and whether those claims are timely. With respect to Pearson's retaliatory discharge claim, if the District Court determines that Pearson has exhausted his administrative remedies, the matter should proceed to discovery.