ALD-167                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3262
_____

PHILIP ANTHONY BONADONNA,
Appellant

v.

DONNA ZICKEFOOSE, in her individual and official capacities;
DR. ABIGAIL LOPEZ-DE LASALLE, in her individual and official capacities;
DR. JOHN CHUNG, in his individual and official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-07339)
District Judge: Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2015

Before: RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: May 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Philip Bonadonna appeals the District Court's order dismissing his complaint. We will summarily affirm.

Bonadonna, who was a federal inmate at Fort Dix Federal Correctional Institution during the time period in question, appeals the District Court's dismissal of his Bivens[1] action alleging inadequate medical care, in violation of the Eighth Amendment. The complaint named three defendants: former FCI Fort Dix Warden Donna Zickefoose; Dr. John Chung, a physician who treated Bonadonna at FCI Fort Dix; and Dr. Abigail Lopez de LaSalle, FCI Fort Dix's former clinical director. In his complaint, Bonadonna sought shoulder surgery and monetary damages. He alleged prison personnel should have followed the opinion of an orthopedist who said additional surgery might be helpful.[2] Bonadonna alleged prison officials' decision to rely on a different orthopedist, who believed the surgery would not be beneficial, resulted in deliberate indifference to a serious medical need, violating the Eighth Amendment's bar against cruel and unusual punishment. The Government filed a motion to dismiss, and the District Court granted the motion, concluding that Bonadonna failed to state a claim.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] As an inmate at FCI Fort Dix, Bonadonna received a prosthetic shoulder in 2008. A post-operative x-ray revealed a foreign metal object of unknown etiology. Bonadonna's complaint seeks surgery to remove this object, as well as additional medical care. Not incidentally, his complaint details many procedures federal prison officials have undertaken to treat Bonadonna's shoulder, both at Fort Dix and elsewhere.

Following Bonadonna's appeal, the Government filed a motion to summarily affirm. We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 601 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In the context of an Eighth Amendment claim based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted).

In Bonadonna's case, the District Court's analysis is sound. Bonadonna received repeated medical care from FCI Fort Dix officials. In 2008, he received a prosthetic shoulder. Follow-up treatment included additional diagnostic tests, pain management, and consultation with an orthopedist. Bonadonna's preference for further surgery does not create an Eighth Amendment claim. The deliberate indifference "test affords

3

considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)). In this situation, prison personnel have relied on a physician's opinion and have offered continued pain management to Bonadonna. In sum, the District Court correctly concluded that Bonadonna failed to plead sufficiently that prison officials were deliberately indifferent to his ongoing shoulder problems.

Accordingly, we will summarily affirm the District Court's judgment.