CLD-201                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3235
_____

MIGUEL COLLAZO,
                                              Appellant

v.

GERALD  L. ROZUM, Superintendent, SCI Somerset;
DANIEL J. GEHLMANN, Deputy Superintendent, SCI Somerset;
ALLEN G. JOSEPH, Corrections Classification Program Manager, SCI Somerset;
(JOHN DOE) SNYDER, Captain, SCI Somerset;
ALL SECURITY (INVESTIGATIVE) STAFF, SCI Somerset;
JERRY PRICE, Restricted Housing Unit, SCI Somerset;
JOSEPH DUPONT, Hearing Examiner, SCI Somerset;
ROBIN M. LEWIS, Chief Hearing Examiner, Central Office;
BRIAN HYDE, Correctional Health Care Administrator, SCI Somerset
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 15-cv-00150)
Magistrate Judge: Honorable Keith A. Pesto (sitting by consent)
_____

Submitted on Whether a Certificate of Appealability should issue
or for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed April 13, 2016)

_____

OPINION[*]

_____

PER CURIAM

Miguel Collazo appeals the Magistrate Judge's order dismissing his complaint.[1] For the reasons below, we will summarily affirm.

In his complaint, Collazo alleged that he had been granted a parole date of February 8, 2014. In January 2014, before he was released, he was given a drug test. When giving his urine sample, he informed the officer performing the test that he was on medication. A week later, he was informed that his test had come back positive for buprenorphine. Collazo informed the officer reporting the results that he had been on medication. The officer replied that the Medical Department had told him that Collazo was not taking any medication that would cause a positive test for buprenorphine.

Collazo was found guilty of disciplinary charges and punished with ninety days in the Restricted Housing Unit (RHU), loss of visitation for six months, and loss of his employment. Collazo appealed the charges through the appeal process but they were upheld. As a result of the disciplinary charges, Collazo alleged that the Parole Board rescinded his parole date and ordered him to serve his sentence until he "maxed out" in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Collazo consented to the Magistrate Judge conducting the proceedings. See 28 U.S.C.

2

November 2014.[2]  When Collazo requested and was allowed to review his medical records, he confirmed that he was on the medication Levaquin from January 9, 2014, until January 15, 2014 – eight days before his drug test on January 23, 2014.  Collazo has submitted evidence that Levaquin can cause a false positive in drug screening tests.

Collazo filed a grievance challenging the staff's investigation of the misconduct charge.  His grievance and appeals therefrom were denied because the grievance was related to a misconduct.  Collazo asserted that in retaliation for his filing grievances, he was transferred to another prison.

The Magistrate Judge determined that Collazo's allegations relating to the drug test and disciplinary process failed to state a claim for civil or habeas relief.  With respect to Collazo's retaliation claim, the Magistrate Judge stated that Collazo had not explained how the prison transfer was an adverse action or how the transfer was related to his filing grievances.  The Magistrate Judge gave Collazo the opportunity to amend his complaint.

Collazo filed an amended complaint which the Magistrate Judge dismissed. Collazo filed a notice of appeal.  We have jurisdiction under 28 U.S.C. § 1291, and our review of the Magistrate Judge's dismissal of the complaint is plenary.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

If true, Collazo's allegations regarding his drug test are sympathetic.  However, they are not sufficient to state a claim for the violation of due process.  In order to

§ 636(c)(1).

demonstrate a violation of the right to procedural due process, "a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law." Burns v. Pa. Dep't. of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Because Pennsylvania law gives parole authorities complete discretion to rescind a grant of parole prior to an inmate's release, Collazo did not have a constitutionally protected liberty interest in being paroled before his actual release. See Jago v. Van Curen, 454 U.S. 14, 16-17 (1981); Fantone v. Latini, 780 F.3d 184, 189 (3d Cir. 2015); Johnson v. Commonwealth, 532 A.2d 50, 52 (Pa. 1987). Because no liberty interest was implicated by the rescission of his parole, Collazo was not entitled to due process regarding that decision.[3] To the extent that he is asserting a claim for habeas relief, he has not made a substantial showing of the denial of a constitutional right, and we will deny a certificate of appealability with respect to his habeas claims. See 28 U.S.C. § 2253.

We turn now to Collazo's retaliation claim. A prisoner alleging retaliation must demonstrate that (1) his conduct was constitutionally protected; (2) he suffered an adverse action by prison officials; and (3) his protected conduct was a substantial or motivating factor in the adverse action. Brightwell v. Lehman, 637 F.3d 187, 194 (3d

---

[2] At this time, Collazo began serving another sentence.

[3] The disciplinary sanctions Collazo received of ninety days in the RHU, loss of visitation, and loss of employment also did not trigger any procedural due process protections. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (liberty interests requiring procedural due process limited to freedom from restraints that impose "atypical and

4

Cir. 2011). We must accept Collazo's allegations as true and draw all reasonable inferences in his favor. Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 604 (3d Cir. 2015).

Collazo's filing of the grievances was an activity protected by the First Amendment. Fantone, 780 F.3d at 192 n.8. Thus, his allegations have met the first prong of a retaliation claim. Collazo has also satisfied the third prong as he alleged that in June 2014, Captain Snyder stated, "You like filing grievance(s). We got something for you. You won't be here long!" Am. Compl. at ¶36. On November 4, 2014, Collazo was transferred to another prison.[4] Thus, he alleged that his protected conduct was a motivating factor in the transfer.

However, Collazo did not allege how the prison transfer was an adverse action, i.e. one that would be sufficient to deter a person of ordinary firmness from exercising his rights. Allah, 229 F.3d at 225. After the Magistrate Judge noted this in his order addressing Collazo's original complaint, Collazo still did not explain in his amended complaint how the transfer was adverse. Thus, we agree with the Magistrate Judge that Collazo has failed to state a claim of retaliation.[5] Because Collazo's due process and

significant hardship" as compared to ordinary prison life).

[4] The passage of five months between the statement and the transfer is not dispositive. "While temporal proximity is often important to establish retaliation, the mere passage of time is not legally conclusive proof against retaliation." Pearson, 775 F.3d at 604 (internal quotation marks and citation omitted).

[5] In the alternative, the Magistrate Judge concluded that the defendants would be

retaliation claims fail, his claims that the defendants failed to train and supervise those prison officials who allegedly violated his rights also fail.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the Magistrate Judge's order. See Third Circuit I.O.P. 10.6. To the extent one is necessary, we deny a certificate of appealability.

---

protected by qualified immunity because he believed that there is no existing precedent that a transfer ordered as retaliation would violate an inmate's rights. While the simple transfer of an inmate to another prison would not be a violation of his constitutional rights, see Meachum v. Fano, 427 U.S. 215, 223-24 (1976), we have held that an action which on its own would not violate the Constitution could be actionable if motivated by retaliation, given adequate allegations that the transfer would deter a person of ordinary firmness from exercising his or her First Amendment rights. Allah, 229 F.3d at 224-25. Thus, we affirm the Magistrate Judge's dismissal of the retaliation claim on the ground that Collazo has not alleged an adverse action and not on the ground of qualified immunity.