NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4575
_____

MILTON REGIONAL SEWER AUTHORITY,
                                                                Appellant

v.

TRAVELERS CASUALTY & SURETY CO. OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-13-cv-02786)
District Judge: Honorable Matthew W. Brann
_____

Argued: October 29, 2015

Before: GREENAWAY, JR., SCIRICA, and ROTH, Circuit Judges

(Filed: April 28, 2016)


Preston L. Davis, Esq. [ARGUED]
Davis Davis & Kaar
37 Arch Street
P.O. Box 319
Milton, PA  17847

        *Counsel for Appellant*

Benjamin E. Gordon, Esq.
Patrick R. Kingsley, I, Esq. [ARGUED]
Karl S. Myers, Esq.
Stradley Ronon Stevens & Young, LLP

2005 Market Street
Suite 2600
Philadelphia, PA 19103

     *Counsel for Appellee*

_____

OPINION[*]
_____

**SCIRICA**, *Circuit Judge*

Milton Regional Sewer Authority ("Milton") appeals from an order of the District

Court dismissing its complaint against Travelers Casualty and Surety Company of

America ("Travelers"). For the reasons detailed below, we will affirm.

**I.**

Milton is a municipal authority located in Milton, Pennsylvania. On July 25, 2011,

it entered into a construction contract with Ankiewicz Enterprises ("Ankiewicz") for a

public works project. The contract was secured by a performance bond issued by

Travelers. The contract with Ankiewicz contains several provisions specifying when and

how Milton could terminate the contract. The provision relevant to this appeal is

commonly referred to as a right-to-cure provision. It states:

> [Ankiewicz's] services will not be terminated if [Ankiewicz] begins within
> seven days of receipt of notice of intent to terminate to correct its failure to
> perform and proceeds diligently to cure such failure within no more than 30
> days of receipt of said notice.

In other words, before Milton could terminate the contract, it was required to give

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ankiewicz thirty days to fix whatever problem had arisen.

The bond likewise contains several provisions specifying when and how an obligation could arise for Travelers. The provision relevant to this appeal is the Owner Default provision, which states that no obligation for Travelers can arise if Milton defaults on its contract with Ankiewicz. The bond defines default as the "[f]ailure of [Milton] . . . to pay [Ankiewicz] as required by the Contract or to perform and complete or comply with the other terms thereof." In other words, no obligation could arise for Travelers if Milton failed to comply with the terms of its contract with Ankiewicz, including the right-to-cure provision.

After the contract and the bond were finalized, Ankiewicz began working on the project. Milton quickly became unsatisfied with the work being done. On February 20, 2012, Milton sent a letter to Ankiewicz ordering it to suspend work on the project. Ankiewicz responded on February 24, offering to correct any failures in the work it had performed. On February 28, Milton rejected that offer, forbidding Ankiewicz from performing any more work under the contract. After a meeting between the parties, Milton terminated the contract without affording Ankiewicz an opportunity to fix its allegedly defective work.

Following the termination of the contract, Milton hired another construction firm to complete the project, incurring additional costs as a result. Milton asserted a bond claim against Travelers for these additional costs, and after Travelers refused to pay, Milton filed a complaint in state court. Travelers removed the case to federal court, and moved to dismiss the complaint.

3

The District Court granted Travelers' motion to dismiss. Its opinion included two separate holdings. First, the court held Milton did not follow the right-to-cure provision of the contract. *Milton Reg'l Sewer Auth. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:13-CV-2786, 2014 WL 5529169, at *3 & n.1 (M.D. Pa. Nov. 3, 2014). That holding is not on appeal.

Second, the court held Milton had no valid reason under Pennsylvania law to violate the right-to-cure provision. *Id.* at *8. It acknowledged Pennsylvania allows parties to violate right-to-cure provisions in cases of an extreme breach. *Id.* at *5 (citing *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639 (Pa. 2009)). But the court held Milton "failed to plead that Anki[ew]icz materially breached the contract such that the material breach would excuse [Milton] from complying with the contractually agreed to termination procedures." *Milton*, 2014 WL 5529169, at *8. Because Milton failed to comply with the terms of the contract, Travelers' obligation under the bond was not triggered, and the complaint against Travelers was dismissed with prejudice. *Id.* at *9.

Following the dismissal, Milton filed this timely appeal.

## II.[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1) and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a district court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 601 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

Pennsylvania follows the general rule of contract law that "a material breach of a contract relieves the non-breaching party from any continuing duty of performance thereunder." *LJL Transp.*, 962 A.2d at 648. But this general rule gives way to a more specific one "if the contract includes an express provision granting the breaching party the opportunity to cure before the contract is terminated." *Id.* Such a contract may only be terminated without providing an opportunity to cure "when there is a material breach of the contract so serious it goes directly to the heart and essence of the contract, rendering the breach incurable . . . ." *Id.* at 641. The breach must be so severe that "requiring . . . notice before termination . . . would be a useless gesture." *Id.* at 652.

A typical example of a breach that goes directly to the essence of a contract is fraud. Indeed, the only case in which the Pennsylvania Supreme Court found a breach to be severe enough to justify immediate termination of a contract with a right-to-cure provision involved fraudulent conduct by one of the contracting parties. *Id.* at 642-43. Moreover, the court's opinion in that case relied heavily on two cases from other jurisdictions that likewise involved fraudulent conduct by a contracting party. *See id.* at 648, 650 (citing *Olin v. Central Indus., Inc.*, 576 F.2d 642 (5th Cir. 1978), and *Larken v. Larken City Ltd. P'ship*, 589 N.W.2d 700 (Iowa 1998)). The court recognized that, when one contracting party defrauds the other, the breach "is so fundamentally destructive, it understandably and inevitably causes the trust which is the bedrock foundation and veritable lifeblood of the parties' contractual relationship to essentially evaporate." *LJL Transp.*, 962 A.2d at 652. Thus, there is no need to allow for a right to cure in such instances.

Milton's complaint does not allege so severe a breach. Even assuming, as we must, the allegations in Milton's complaint are true, and drawing all inferences in Milton's favor, Milton does not allege a breach "so serious it goes directly to the heart and essence of the contract, rendering the breach incurable." *Id.* at 641. The complaint does not allege that Ankiewicz defrauded or deceived Milton. Instead, it alleges various deficiencies in the work performed by Ankiewicz which, taken together, amount to an allegation that Ankiewicz performed poorly, even quite poorly. But unlike fraud, poor performance is not incurable. In fact, Ankiewicz demonstrated its willingness to cure its deficiencies if given the chance, and Milton admits another party was able to complete the project.

The purpose of right-to-cure provisions is to give contractors the opportunity to correct unsatisfactory work before their contracts may be terminated. Were poor performance a justification for ignoring such provisions, their utility would be severely undercut. Pennsylvania contract law therefore requires a more severe breach before contracting parties may violate right-to-cure provisions. Because Milton's complaint does not allege such a breach, the District Court correctly held it had no valid reason to violate the right-to-cure provision of its contract. Accordingly, Travelers' obligation under the bond was not triggered, and the complaint against it was properly dismissed.

**IV.**

For the foregoing reasons, we will affirm the order of the District Court dismissing Milton's complaint.

6