**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3968
_____

MOHAMMED MEKUNS,
                                        Appellant

v.

CAPELLA EDUCATION COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-01542)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2016

Before: AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Mohammed Mekuns appeals from the order of the District Court dismissing his

complaint.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Mekuns was a student at Capella University pursuing a Doctor of Psychology degree. During the review of Mekuns's dissertation, a reviewer noticed potential "research misconduct" as defined in Capella University Policy 3.03.06. In particular, the reviewer noticed what appeared to be plagiarism and the falsification or fabrication of data. After considering the evidence in support of the charges and Mekuns's responses, Capella University's Research Compliance Committee concluded that the misconduct occurred and recommended a sanction of dismissal from the University. The University's Deciding Official, after again providing Mekuns with an opportunity to respond, imposed that sanction. Mekuns appealed to the President of the University, but the President agreed with the Deciding Official and upheld the sanction of dismissal. Pursuant to the University's Policy 3.03.06, "[t]he decision of the university president is final." (ECF No. 1-2 at 9.)

Through counsel, Mekuns then filed suit against Capella Education Company, which operates Capella University (we will refer to them collectively as "Capella"). Mekuns invoked the District Court's diversity jurisdiction and asserted a single count of breach of contract, in which he asserted that Capella breached the terms of its Policy 3.03.06 in four ways.

First, Mekuns claimed that Capella violated the provisions of the policy requiring that any finding of research misconduct be based on a preponderance of the evidence. (ECF No. 1-2 at 4, 8.) Mekuns claimed that Capella violated this provision because the

2

evidence of misconduct did not amount to a preponderance and Capella never stated that its finding was based on a preponderance.

Second, Mekuns claimed that Capella violated the provision of the policy defining "research misconduct" to include only misconduct committed "intentionally, knowingly, or recklessly." (Id. at 4.) Mekuns claimed that Capella violated this provision because that element was not proven by a preponderance of the evidence and Capella never stated that it was.

Third, Mekuns claimed that Capella violated the provision of the policy excluding "honest error" from the definition of "research misconduct." (Id. at 3.) Mekuns claimed that Capella violated this provision too because the absence of honest error was not proven by a preponderance of the evidence and Capella did not expressly address that issue.

Finally, Mekuns claimed that Capella violated a provision of the policy that governs further proceedings after a finding of research misconduct has been made. That provision states that, in the event of such a finding, "[t]he investigation will be closed and the discussion with respondent will focus on corrective/disciplinary action." (Id. at 9) (emphasis added). Mekuns claims that Cappella violated this provision by addressing disciplinary action with him in writing rather than at a face-to-face meeting.

Capella filed a motion to dismiss Mekuns's complaint under Fed. R. Civ. P. 12(b)(6). The District Court held oral argument and then granted the motion. The District Court further determined that amendment would be futile, and it dismissed

3

Mekuns's complaint with prejudice. Mekuns appeals pro se.[1]

## II.

Having exercised our plenary review, we will affirm for the reasons adequately explained by the District Court. The District Court properly concluded that, as a matter of Pennsylvania law,[2] the provision of the policy stating that "[t]he decision of the university president is final" precludes appellate-like review of the merits of Capella's disciplinary decision. See Murphy v. Duquesne Univ. of the Holy Ghost, 777 A.2d 418, 433-34 (Pa. 2001); Reardon v. Allegheny Coll., 926 A.2d 477, 482 & n.5 (Pa. Super. Ct. 2007). Mekuns's breach-of-contract claims thus required him to plausibly allege that Capella breached some specific provision of the policy itself. See Reardon, 926 A.2d at 482 n.5. The District Court properly concluded that Mekuns's allegations and the documents attached to and relied on in his complaint show that Capella did not breach any of the provisions on which he relies.

Mekuns raises what we construe as four arguments on appeal. They relate primarily to the requirement that research misconduct be proven by a preponderance of

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the dismissal of a complaint under Rule 12(b)(6). See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 601 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 604 (quotation marks omitted).

[2] The parties and the District Court all assume that Pennsylvania law applies to this dispute, and we see no reason to question that assumption.

the evidence, and they lack persuasive merit. First, Mekuns challenges the District Court's reliance on Hart v. University of Pittsburgh, No. 13-399, 2014 WL 4218616 (W.D. Pa. Aug. 25, 2014). In that case, a university student claimed that the university breached its policy requiring that any misconduct be found by clear and convincing evidence by failing to explicitly state that its finding was based on that standard. The court dismissed that claim because "[t]he Handbook does not explicitly require that the determination use the magic phrase 'clear and convincing evidence[.]'" Id. at 21. Mekuns argues that this case is different because Capella's policy includes the words "preponderance of the evidence." But the same was true as to the relevant burden of proof in Hart. As in Hart, and as the District Court explained, nothing in the policy required Capella to use those magic words.

Second, Mekuns argues that, in the absence of an express reference to the standard, "[h]ow do we know if Capella even considered the preponderance of the evidence standard?" (Appellant's Br. at 2.) The relevant question, however, is whether Mekuns alleged anything raising the reasonable inference that Capella did not. See Pearson, 775 F.3d at 604. We agree with the District Court that Mekuns's complaint does not do so.

Third, Mekuns argues that the District Court erred in concluding that he sought to challenge the results of Capella's determination rather than its compliance with the applicable terms of the policy in reaching those results. But however Mekuns characterizes his challenges, they required him to plausibly allege that Capella breached

5

some term of the policy. As the District Court explained, he did not. The investigation report and other documentation attached to Mekuns's complaint shows that Capella thoroughly considered the evidence and Mekuns's responses and did not breach any of the terms of the policy on which Mekuns relies.

Finally, Mekuns argues that the District Court engaged in improper speculation and denied him due process. Mekuns raises no specific argument on this point, however, and our review reveals no basis for one.

These points aside, we fully agree with the District Court's assessment of Mekuns's remaining claims. We also agree with the District Court's conclusion that any amendment of Mekuns's complaint would be futile. Mekuns conceded through counsel at oral argument in the District Court that there was nothing he could allege differently if given leave to amend. (Supp. App'x at 50.) The nature of Mekuns's claims reveals that there is not, and Mekuns does not argue otherwise on appeal.

## III.

For these reasons, we will affirm the judgment of the District Court.