**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3861
_____

LAWRENCE PETERSON,
Appellant

v.

SUPERINTENDENT GLUNT; MS. BARBER; MS. HOOVER;
IRWIN, SECURITY LIEUTENANT; K. SHEA, SECURITY LIETENANT;
BYRON E. BRUMBAUGH, JR.; D. MOWREY;
CORRECTIONAL OFFICER MCGARVEY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 3:16-cv-00187)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2017

Before: GREENAWAY, JR., GREENBERG, and ROTH, Circuit Judges

(Opinion filed February 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

       Pro se appellant Lawrence Peterson appeals the District Court's dismissal of his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will vacate the District Court's judgment and remand the case for further proceedings consistent with this opinion.

I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion; these facts are recounted as alleged by Peterson in his amended complaint. During the time relevant to Peterson's claims, he was incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania.[1] Peterson was involved in a verbal altercation with a corrections officer in April 2013. The officer told Peterson that he wanted to see if Peterson could prove how tough he was. Two days later, the officer assigned Peterson a new cellmate, William Keitel, and as Keitel entered the cell, the officer told Peterson that he would see how tough Peterson was. Keitel had a history of bias toward black men and people with sexual assault convictions; Peterson is black and has a sexual assault conviction. Peterson met with a different officer in early May 2013 to report that Keitel had repeatedly threatened his life and had been assaulting him, but the officer said that Keitel was a good man and that Peterson had nothing to fear from him.

On May 10, 2013, Keitel punched Peterson in the face. Peterson met with various correctional staff in the following days about the incident but did not receive assistance. From May through August 2013, Keitel continued assaulting Peterson. Peterson and

---

[1] Peterson is presently incarcerated at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania.

Keitel were involved in a fight on August 2, 2013; Keitel later died of injuries he sustained during the incident. In 2015, Peterson pleaded guilty to the murder of Keitel.

Peterson claims that he attempted to resolve his issues with Keitel and prison staff using internal prison procedures by filing several grievances, but never received a response. Peterson maintains that Keitel's assignment to his cell was part of a practice of corrections officers placing adversaries together to discipline prisoners they did not like.

In August 2016, Peterson filed a complaint against numerous correctional staff seeking damages for several claims. A Magistrate Judge recommended dismissing Peterson's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Peterson filed timely objections to the Magistrate Judge's report and sought leave to amend his complaint. Peterson's amended complaint narrowed his claims: he alleged that his placement in a cell with Keitel constituted cruel and unusual punishment and that correctional staff failed to protect him from Keitel. The District Court ultimately adopted the Magistrate Judge's report and recommendation to dismiss Peterson's original complaint, granted Peterson's motion to amend his complaint, and dismissed Peterson's amended complaint without further leave to amend. The District Court did not provide any reasoning to explain its dismissal of Peterson's amended complaint. Peterson timely appealed and seeks an opportunity to pursue the claims in his amended complaint.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Peterson's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d

3

Cir. 2000). Dismissal is appropriate "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

III.

The District Court, while granting Peterson leave to file an amended complaint, did not analyze any of Peterson's allegations before dismissing his amended complaint without further leave to amend. The Magistrate Judge's report concluded that most of Peterson's original claims, including the two claims that Peterson repeated in his amended complaint, were barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994). However, the Magistrate Judge did not address all of the allegations in Peterson's original complaint when he recommended dismissal, and regardless, Peterson clarified his allegations in his amended complaint. The Magistrate Judge also concluded that granting Peterson leave to amend would be futile because his claims were filed outside of the applicable limitations period.

The District Court did not discuss either of these issues in its order dismissing Peterson's amended complaint. Accordingly, this matter must be remanded for the District Court to address these questions in the first instance. See Farnese v. Bagnasco, 687 F.2d 761, 766 (3d Cir. 1982) (noting that "[i]n the absence of a sufficient articulation of the reasons for [a district court's] decision, our review of the . . . decision is almost speculative"); see also Forbes v. Twp. of Lower Merion, 313 F.3d 144, 150 (3d Cir.

4

2002); <u>Vadino v. A. Valey Eng'rs</u>, 903 F.2d 253, 258 (3d Cir. 1990). On remand, the District Court should consider whether Peterson's amended complaint includes viable claims that are not barred by the favorable termination rule in <u>Heck</u>.[2] Further, the District Court has not addressed whether the timeliness issue raised in the Magistrate Judge's report applies to the claims in Peterson's amended complaint.[3]

---

[2] In <u>Heck</u>, the Supreme Court held that if the success of a previously convicted plaintiff's damages claim under 42 U.S.C. § 1983 "would necessarily imply the invalidity of his conviction or sentence," the plaintiff may bring his claim only if he "can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The District Court has not explained how Peterson's allegations about defendants' actions months before the incident underlying Peterson's murder conviction "would necessarily imply the invalidity of his conviction or sentence." <u>See</u> <u>id.</u>

[3] Such analysis may be necessary given this Court's holding that the limitations period for § 1983 claims is tolled "while a prisoner exhausts administrative remedies," <u>see</u> <u>Pearson v. Sec'y Dep't of Corr.</u>, 775 F.3d 598, 603 (3d Cir. 2015), as Peterson has alleged that he has done. <u>See</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006) (explaining that a district court may dismiss claims sua sponte as time-barred only where the untimeliness "is obvious from the face of the complaint and no further factual record is required to be developed").