**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1450
_____

JOSE MONTALBAN,
                                    Appellant

v.

MR.  POWELL; MR. VERBYLA WILLIAMS;
MR. JASON GLOSSENGER; MS. PATRICIA BURGERHOLFF;
MR. MODDROFF; MR WALTER DOBUSHAK;
MR. M. KABONICK; MR. JARRETT TUTTLE;
ANTHONY PEDONE; MR. MARK BRENNAN;
COREY VRABEL; C.O. GUILLARD;
C.O. SNEE; C.O. SCHULTZ;
UNITED STATES OF AMERICA;
MACCA, Correctional Officer;
DUSTIN M. COOK, PSY, D.;
CAROLINE M. JOHANSON, PHD. Staff Psych;
SIA JOHN GINTZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 17-cv-00212)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 13, 2020
Before:  MCKEE, SHWARTZ, and PHIPPS, Circuit Judges

(Opinion filed: April 1, 2020)
_____

_____

PER CURIAM

Appellant Jose Montalban, proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment to the defendants. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

On January 27, 2017, Montalban filed a civil rights lawsuit against nineteen Federal Bureau of Prison staff members at Canaan United States Penitentiary ("Canaan"), where he was incarcerated at the time, relying on Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He amended his complaint once and supplemented it to include three defendants in place of John Does. The amended complaint alleged that on December 28, 2012, several correctional officers used excessive force against Montalban after he assaulted his work supervisor. Montalban also claimed that Canaan personnel acted with deliberate indifference to his medical needs in the wake of the altercation. Additionally, Montalban claimed that correctional officers interfered with his legal materials in July 2014.

The defendants moved to dismiss the amended complaint or, in the alternative, for summary judgment, arguing, inter alia, that Montalban's claims were barred by the statute of limitations. The District Court converted the motion to a motion for summary

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

judgment and provided Montalban with notice and an opportunity to submit exhibits. After reviewing the record, the District Court concluded that Montalban's claims were time-barred and entered summary judgment for the defendants.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party. Id. at 255. However, "the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment." Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016).

We conclude that the District Court properly entered summary judgment for the defendants because no reasonable factfinder could determine that Montalban's lawsuit was timely filed. Bivens claims are governed by a state's statute of limitations for personal injury claims. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). Pennsylvania's limitations period is two years. 42 Pa. Cons. Stat. § 5524. Montalban became aware of his injuries on December 28, 2012 and filed a complaint more than four years later, on January 27, 2017. See Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991)

3

(explaining that the statute of limitations begins to run when a plaintiff knows that he has been injured).[1] Accordingly, his claims are time-barred.

As the District Court correctly determined, the time Montalban spent pursuing Canaan's grievance process did not render his complaint timely filed. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015) (explaining that the statute of limitations is tolled while a prisoner exhausts administrative remedies under the Prison Litigation Reform Act). The undisputed record shows that Montalban did not file a grievance concerning his excessive use of force or deliberate indifference claims prior to January 2016, more than a year after the statute of limitations expired. Montalban's assertion that the grievance process was made unavailable to him is unsupported by the record, and does not account for the fact that he did not file a lawsuit until January 2017. Additionally, while the grievances Montalban filed relevant to his legal property claim did toll the statute of limitations, it did not do so long enough to make his complaint timely as to those claims. See ECF No. 67 at 20–21 (calculating the tolled period as to the legal property claim).

Because this appeal presents no substantial question, we will affirm. Montalban's motion for appointment of counsel is denied, see Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993), as is his motion to supplement the District Court record, see Fed. R. App.

---

[1] To the extent Montalban argued that he did not discover his injuries until January 2013, when he first received x-rays indicating a fractured skull, that argument is unavailing because a "cause of action accrues even though the full extent of the injury is not then known or predictable." Wallace v. Kato, 549 U.S. 384, 392 (2007).

4

P. 10(e). To the extent that he presents any requests for relief in the other documents he has filed, those motions are denied, as well.