**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3125

_____

CELIA LITMAN; DONALD S. LITMAN; ARTHUR LITMAN, by his parents & natural
guardian; THE ARTHUR E. LITMAN SPECIAL NEEDS TRUST; AUTISM LTD.,

Appellants

v.

JENNIFER GUCKIN; TOWNSHIP OF TOWAMENCIN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01889)
District Judge: Honorable Paul S. Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 11, 2024

Before: BIBAS, FREEMAN, and ROTH, *Circuit Judges*

(Filed: July 18, 2024)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

BIBAS, *Circuit Judge*.

Injured people may sue to vindicate their rights—but only for so long. Because the plaintiffs here waited much longer than the two-year statute of limitations, the District Court dismissed their claims as time-barred. We agree.

Celia and Donald Litman wanted to add a room to their house for their autistic son, Arthur. They planned to use the extra space to teach him how to live independently. But their town, Towamencin, denied them a permit. Even so, they put a trailer on their property without the required permit. In 2019, local zoning officer Jennifer Guckin wrote citations warning them of fines and ordering them to remove the trailer.

When the Litmans refused, they were found guilty of violating a local zoning ordinance. After an appeal and motion to reconsider, they got a new trial but were again convicted. The state appellate court affirmed, and the Pennsylvania Supreme Court denied review.

Four years after the citations, the Litmans and others sued Guckin and the town in federal court. They brought federal and state constitutional claims and statutory claims under the Fair Housing Act, the Rehabilitation Act, and the Americans with Disabilities Act. The District Court dismissed them all as time-barred.

All the claims here have a two-year statute of limitations. That is true of § 1983 tort claims brought in Pennsylvania. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015); 42 Pa. Cons. Stat. § 5524. It is equally true of the federal statutory claims. *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) (ADA & Rehab Act); 42 U.S.C. § 3613(a)(1)(A) (FHA).

The clock starts running when the defendants' alleged wrong causes the injury. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Dique v. N.J. State Police*, 603 F.3d 181, 185–86 (3d Cir. 2010). As the parties agree, Guckin and Towamencin allegedly wronged the Litmans in 2019 by citing them and ordering them to remove the trailer. That was four years before they sued in 2023—two years too late.

To get around this time limit, the Litmans claim that they suffered continuing violations that extended through the state-court litigation, making all their claims timely. Not so. The Litmans' injury arises out of "isolated" acts on August 9, 2019: the zoning citations and order to remove the trailer. *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001). The gist of all their claims is that Towamencin forbade them to keep the trailer on their property. When they got the citations, the Litmans had to choose either to remove the trailer or face legal consequences. Their ensuing legal battles with the town were not one continuing wrongful act or new discrete wrongs, but rather "continual ill effects" from the original violation. *Id.* at 293 (internal quotation marks omitted).

For the same reason, the claims of Arthur, the Trust, and Autism Limited are time-barred too. The citations prevented Arthur from using the trailer freely, stopped Autism Limited from providing services to Arthur, and obligated the Trust to pay the Litmans' fines. So their injuries also arose in 2019. Because the plaintiffs' claims are time-barred, we will affirm the District Court's order of dismissal.