**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1438
_____

MARCIA COPELAND; MINTA SMITH, Trustee
for Marcia Copeland Living Trust

v.

UNITED STATES DEPARTMENT OF JUSTICE; GOVERNOR CHRIS
CHRISTIE, Administration; JUDGES ADMINISTRATION FOR NEW
JERSEY; PROSECUTOR OFFICE; STATE OF NEW JERSEY, and its
insurers; ATTORNEY GENERAL NEW JERSEY; MARIE BLUM;
CHASE MORTGAGE BANK; CITIMORTGAGE; SRS; NATIONSTAR
MORTGAGE; ANDREW KARICICH, Esq.; ROBERT G. MILLENKY, JSC; MARY
EVA COLALILLO, JSC; DEBORAH SILVERMAN-KATZ, JSC; ROBERT
SALDUTTI, Esq.; SCOTT LEVINE, Esq.; MARTY ABO, Esq.; LEE B. LASKIN, JSC;
ABO & COMPANY, CPA; LYNCH, KARCHICH & YELLIN LLP; LISA SHARKEY;
OFFICE OF ROBERT SALDUTTI, ESQ.; OCWEN LOAN SERVICING

Marcia Copeland,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-15-cv-07431)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2016

Before:  FISHER, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2017)

_____

OPINION[*]

_____

PER CURIAM

Marcia Copeland, the only appellant in this case,[1] appeals from the order of the

District Court dismissing her complaint with prejudice. We will affirm.

I.

The complaint at issue here is Copeland's fourth federal complaint arising from

matters that already have been extensively litigated in the New Jersey state courts. The

underlying dispute concerns a debt to an accounting firm that Copeland refused to pay.

The accounting firm obtained a judgment against her in state court, and a state court

ultimately appointed a receiver to collect rent on several of Copeland's rental properties

to satisfy the judgment. Copeland contested the judgment and receivership both in the

accounting firm's state-court actions (though only belatedly) and by filing state-court

actions of her own against the accounting firm, its counsel, her own former counsel, and

the receiver. Copeland claimed that the underlying debt and judgment were fraudulent

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Copeland was a plaintiff in the District Court along with Minta Smith, Trustee of the Marcia Copeland Living Trust. Our Clerk docketed this appeal with Copeland as the sole appellant because only Copeland signed the notice of appeal. Neither Copeland nor Smith has filed a motion to amend the caption to include Smith as an appellant. Thus, only Copeland is an appellant and we will refer solely to her. We note that our disposition would be the same if Smith were an appellant because none of the parties'

and that all defendants contributed to the illegal "theft" of her rental income in receivership.

When Copeland's efforts in state court proved unsuccessful, she turned to federal court and ultimately filed three prior complaints. She named as defendants the same parties that she sued in state court and added the state-court judge who entered the underlying judgment and the state-court judge who appointed the receiver. She again claimed that her debt and the judgment were fraudulent and that the receivership constituted theft. The District Court dismissed all of her claims in a series of orders on various grounds, including res judicata and judicial immunity. Copeland filed a premature appeal that we dismissed for lack of jurisdiction (C.A. No. 13-4516), but she did not appeal from the District Court's consolidated final order.

Approximately one year after that order, she filed pro se the complaint at issue here.[2] She named as defendants all the parties she named in her prior federal suits. She also named as new defendants: (1) the State of New Jersey and various New Jersey state entities and officials; (2) three more state-court judges involved in her state-court proceedings; (3) four mortgage companies; and (4) the Honorable Renée M. Bumb, who presided over Copeland's previous federal actions, along with the United States Department of Justice. All in all, Copeland named 24 defendants.

---

filings suggests that either Smith or Copeland's trust might have any independent claims.
[2] Copeland filed an amended complaint that merely added several defendants and a few additional allegations. Thus, as the District Court did, we refer to both documents collectively as the "complaint."

3

The body of Copeland's complaint does not actually mention many of the defendants.  Her complaint also largely fails to specify which of her claims relate to which defendants and otherwise is not a model of clarity.  Nevertheless, it can be read to assert five claims.  First, she again claimed that her underlying debt and the state-court judgments and receivership are fraudulent.  Second, she claimed that certain New Jersey state entities and officials failed to investigate the alleged fraud of the two state-court judges she previously sued.  Third, she claimed that three more state-court judges and the receiver committed misconduct during the receivership, including by "stealing" her rental income and "extorting" her tenants.  Fourth, she claimed that the mortgage company defendants made "illegal" credit reports, apparently on the basis of the purportedly fraudulent debt.  Finally, she complained that Judge Bumb dismissed her previous suits without a hearing.  Copeland purported to bring these claims under numerous statutes, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and numerous common-law theories.

Copeland initially filed her complaint in the Southern District of New York.  While in that court, the state judicial defendants filed a motion to dismiss.  The New York District Court later transferred this action to the District of New Jersey.  After the transfer, eight more defendants collectively filed five motions to dismiss under Fed. R. Civ. P. 12(b)(6), and Copeland filed two responses in opposition.  The District Court granted the five post-transfer motions by order entered December 21, 2015.  Most of the defendants had not filed motions to dismiss at that time.

The District Court's accompanying opinion, however, resolved all of Copeland's claims against all defendants and stated that it was dismissing her complaint with prejudice. The District Court concluded, among other things, that all of Copeland's claims are barred by various preclusion doctrines and that all of them otherwise fail to state a claim upon which relief could be granted because they fail to state a plausible claim to relief. The District Court also concluded that Judge Bumb is entitled to judicial immunity, and it declined to exercise supplemental jurisdiction over any of Copeland's potential state-law claims.

Consistent with these conclusions, the District Court's order of dismissal stated that "this case is CLOSED." (ECF No. 124.) The order, however, also provided only that it was granting the five post-transfer motions filed by only eight of the 24 defendants and did not state that it was dismissing Copeland's complaint with prejudice. The District Court later entered a letter order on January 12, 2016, clarifying that its previous order had dismissed Copeland's complaint in its entirety. Copeland appeals pro se.

II.

A.    Appellate Jurisdiction

Most of the defendants argue that we lack jurisdiction because Copeland's notice of appeal was untimely. Copeland had 60 days to appeal from the District Court's final judgment. See Fed. R. App. P. 4(a)(1)(B). Copeland filed her notice of appeal on February 23, 2016. Thus, her notice is untimely as to the District Court's December 21, 2015, order of dismissal. Her notice is timely, however, if her time to appeal began to

5

run anew when the District Court entered its letter order on January 12, 2016. We conclude that this appeal is timely because Copeland's time to appeal began to run anew.

The time to appeal from a judgment begins to run anew when a lower court later "resolves a genuine ambiguity" in that judgment. Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952). Whether a judgment contains a genuine ambiguity "must be determined from the perspective of a reasonable litigant. A district court's subjective intent is irrelevant." Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 102 (3d Cir. 1992).

In this case, there is no doubt that the District Court intended its order of dismissal to be its final judgment. The District Court's opinion supporting its order addressed all of Copeland's claims against all defendants and stated that it was dismissing her complaint with prejudice. The District Court's order of dismissal itself stated that the case was closed. The District Court's order and opinion, however, also stated that it was granting motions to dismiss filed by only eight of the 24 defendants. We believe that a reasonable litigant could conclude that the District Court's order of dismissal contained a genuine ambiguity regarding which defendants it was dismissing. We reach that conclusion in light of Copeland's pro se status and for two other reasons.

First, the New Jersey judicial defendants filed a motion to dismiss before this action was transferred to the District of New Jersey (ECF No. 59), and Copeland opposed their motion (ECF No. 67). The District Court mentioned that motion in its opinion supporting its order of dismissal (ECF No. 125 at 3), but it did not include that motion

among the five motions that its opinion and order stated that it was granting. The District

Court accounted for that motion only later in its letter order by stating that "[a]ll previous

motions to dismiss may be considered granted." (ECF No. 126 at 1.)

Second, the District Court itself apparently believed that the scope of its dismissal

required clarification because it issued its letter order to provide that clarification. The

record does not disclose why the District Court did so. Copeland asserts that the District

Court issued its letter order when one of the non-moving defendants attempted to file a

dispositive motion after the District Court's order of dismissal. There is no record

support for that assertion, but the District Court's own belief that its dismissal required

clarification suggests that a reasonable litigant could reach the same conclusion.

Thus, Copeland's time to appeal from the District Court's order of dismissal began

to run anew when the District Court issued its letter order. Because Copeland filed her

notice of appeal within 60 days of the letter order, this appeal is timely and we have

jurisdiction under 28 U.S.C. § 1291.

## B. The Merits[3]

The fact that the District Court dismissed Copeland's claims against all

defendants on the basis of motions filed by only some of them raises the threshold issue

whether the District Court properly dismissed Copeland's claims against the non-moving

---

[3] Our review of the dismissal of a complaint under Rule 12(b)(6) is plenary. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 601 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 604 (quotation marks omitted).

defendants sua sponte.  The Clerk directed the parties to brief that issue.

Copeland, however, mentions the issue only in passing and raises no specific argument that the District Court erred in that regard.  She does not argue, for example, that she lacked notice that the District Court might dismiss her complaint for the reasons that it did.  Nevertheless, we are satisfied that Copeland had adequate notice and an opportunity to respond on all of the issues that the District Court decided because the moving defendants raised them in ways that applied to the non-moving defendants as well.  Cf. Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006) (relying on that circumstance in affirming sua sponte entry of summary judgment for non-moving parties).

That point aside, Copeland's briefs largely rehash her factual allegations and accuse the District Court of dismissing her complaint to "obstruct justice" and "cover up" the allegedly illegal conduct of other judges.  Copeland's briefs also contain other irrelevant matter, such as her (at best) gratuitous references to some of the defendants' shared Jewish heritage.  Copeland nevertheless raises four issues that we will address.

First, she argues that the District Court erred in entering summary judgment without providing an opportunity for discovery or a hearing and because material facts were in dispute.  The District Court, however, dismissed Copeland's complaint under Rule 12(b)(6).  It did so largely on the basis of the state and federal court documents attached to various defendants' motions to dismiss.  Copeland does not argue that the District Court erred in relying on those publicly available documents at the Rule 12(b)(6)

8

stage, and it did not. See Hoffman v. Nordic Naturals, Inc., — F.3d —, No. 15-1362, 2016 WL 4791848, at *6 & n.52 (3d Cir. Sept. 14, 2016); Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016). There was no need for the District Court to convert defendants' motions into ones for summary judgment in that situation, and thus no need for discovery. See Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016). Copeland also has not identified any factual dispute that might have precluded dismissal, and our review reveals none.

Second, Copeland challenges the District Court's application of the preclusion doctrines on the ground that the District Court did not reference the docket numbers of her state-court cases. The District Court, however, cited the relevant portions of the record that included the relevant court filings (including their docket numbers), and Copeland is well aware of them in any event.

Third, Copeland argues that the preclusions doctrines "had no application." The only specific argument she raises in that regard is that she never previously asserted a RICO claim. Copeland, however, has made no effort to identify the basis for her RICO claim or claims or to differentiate them from the numerous claims of fraud that she asserted numerous times before. Merely asserting a new theory of recovery does not by itself save a previously litigated claim from preclusion. See Davis, 824 F.3d at 342; Culver v. Ins. Co. of N. Am., 559 A.2d 400, 405-06 (N.J. 1989).[4] To the extent that

_____

[4] The District Court did not distinguish between the preclusive effect of the prior state actions and the preclusive effect of the prior federal actions and did not specify whether

Copeland's RICO claims are based on her claim that her underlying debt, the state-court judgments and the receivership are fraudulent (as it appears those claims must be), they are barred by Copeland's previous actions in both state and federal court for the reasons that the District Court explained. To the extent that they are based on anything else, Copeland has not pleaded any plausible claim to relief. Nor has she argued that the District Court erred in failing to give her further leave to amend or raised anything suggesting that amendment would be anything other than futile.[5]

Finally, Copeland argues for the first time in her second reply brief that the District Court erred in holding that Judge Bumb is entitled to judicial immunity. Copeland has waived that argument by failing to raise it in her opening brief, but it lacks merit in any event. Copeland argues that Judge Bumb erred in various respects, including by failing to recuse herself and by falsely stating in an opinion that Copeland owed the purportedly fraudulent debt. Judge Bumb's actions in deciding Copeland's previous cases fall squarely within the bounds of judicial immunity. See Capogrosso v. Sup. Ct. of

_____

their respective preclusive effects are governed by state or federal law. Copeland has raised no claim of error in that regard, however, and state and federal preclusion law appear to be the same in all respects relevant to our disposition.

[5] For example, as the District Court noted, Copeland did not mention any of the four new mortgage company defendants in the body of her complaint. She made specific allegations against one of them (CitiMortgage, Inc.) in one of her responses in opposition to defendants' motions to dismiss, but the District Court did not address them or the possibility of amendment. We decline to review that issue because Copeland does not argue that the District Court should have given her leave to amend and did not mention these allegations regarding CitiMortgage until her third reply brief. Even if we were to reach the issue, however, it appears that Copeland's allegations are based on her

10

N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). Copeland also could have raised these claims of error in the proper manner by appealing from Judge Bumb's final order, but she did not. We thus have no occasion to reach the merits of these claims, though in so noting we do not suggest that there is any. We have reviewed Copeland's remaining arguments and conclude that they lack merit for reasons that do not require discussion.

III.

For these reasons, we will affirm the judgment of the District Court. The motions for leave to filed a supplemental appendix filed by appellees CitiMortgage, Andrew J. Karcich, and Lynch, Karcich & Yellin, LLP, to the extent that they can be construed as motion to enlarge the record, are denied as unnecessary in light of our disposition. Copeland's motion to strike various appellees' briefs is denied. Copeland argues that certain appellees did not timely serve their briefs, but our review of the docket and of appellees' responses confirms that all appellees did. To the extent that any of Copeland's other filings can be construed to request other forms of relief, they are denied as well.

---

previously litigated and rejected claim that her underlying debt is fraudulent.