**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2867
_____

MARCIA COPELAND, M.D.,
                                        Appellant

v.

TOWNSHIP OF BELLMAWR; STATE OF NEW JERSEY;
ATTORNEY GENERAL OFFICE OF THE STATE OF NEW JERSEY;
GOVERNOR'S OFFICE (NJ); JIM BRALEY, (individual/official);
MAYOR OF BELLMAWR; JSC MARY EVA COLALILLO;
JSC DEBORAH SILVERMAN KATZ; JSC ROBERT MILLENKY;
ROBERT SALDUTTI, ESQ.; ADVISORY COMMITTEE ON
JUDICIAL CONDUCT; BOARD OF ACCOUNTANCY;
DEPARTMENT OF HOUSING INSPECTION;
LISA SHARKEY; JUDGE ANTHONY PUGLISI;
ANDREW KARCICH, Esq.; SCOTT LEVINE, Esq.;
JANE DOE (XYZ); MARTY ABO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-12104)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2019
Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

Marcia Copeland appeals from the order of the District Court dismissing her complaint. We will affirm.

I.

Copeland is a Doctor of Medicine who owns or has owned several rental properties in New Jersey. This appeal involves her fifth federal complaint arising from matters that already have been extensively litigated in New Jersey state and federal courts. Copeland's claims relate to a default judgment entered against her in state court and to the allegedly conspiratorial involvement of various parties (including state court judges) in entering, obtaining and collecting on that judgment. We described the underlying dispute in some detail in Copeland v. United States Department of Justice, 675 F. App'x 166, 169-70 (3d Cir. 2017) (per curiam). In that appeal, we affirmed the dismissal of Copeland's fourth complaint on the grounds, inter alia, that it was barred by preclusion doctrines and that it otherwise failed to state a claim. See id. at 171-73.

Undeterred, and after unsuccessfully seeking to recall our mandate, Copeland filed pro se the complaint at issue here. Copeland repeated many of the same allegations and named, as defendants, many of the same parties. The only new defendants she named

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

were the Township of Bellmawr, its mayor, and a zoning officer. Copeland appeared to claim that these new defendants were involved in the same conspiracy against her that she previously alleged. She also appeared to claim that Township personnel trespassed on one of her properties in 2007.

The District Court, acting on the largely unopposed motions of all defendants, dismissed Copeland's complaint with prejudice under Fed. R. Civ. P. 12(b)(6). In doing so, the District Court adopted its previous decisions addressing Copeland's previous complaints. The District Court also concluded that Copeland's claims against the new defendants were barred by, among other things, New Jersey's entire controversy doctrine and the applicable statutes of limitations. Copeland appeals.[1]

## II.

We will affirm for the reasons explained by the District Court and for the reasons we explained in Copeland's prior appeal. Copeland has not meaningfully disputed those reasons or even mentioned most of them in her briefs. Nor has she even mentioned the new defendants, let alone raised anything meaningfully challenging the dismissal of her claims against them. Instead, Copeland's briefs consist of little more than vitriolic and

---

[1] In addition to dismissing Copeland's complaint, the District Court ordered her to show cause why it should not enjoin her from filing future claims based on the same subject matter. That show-cause proceeding remains pending. The District Court's order of dismissal is final, however, and we have jurisdiction to review it under 28 U.S.C. § 1291. See Brown v. Francis, 75 F.3d 860, 864 & n.3 (3d Cir. 1996). We review de novo the dismissal of a complaint for failure to state a claim. Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 105 (3d Cir. 2018).

unsubstantiated accusations of judicial bias and corruption. None of those accusations warrants relief.[2] Nevertheless, we have reviewed de novo Copeland's complaint and her numerous other filings in both the District Court and this Court and conclude, for reasons that do not require additional discussion, that the District Court properly dismissed her complaint with prejudice.

III.

For these reasons, we will affirm the judgment of the District Court. Copeland's "motion to compel answers and requests for production of evidence" is denied. To the extent that Copeland's filings can be construed to request any other forms of relief, those requests are denied as well. We express no opinion on the show-cause proceeding pending in the District Court. Nor will we sua sponte consider imposing sanctions of our own at this time. Copeland is cautioned, however, that we may consider imposing sanctions in the future if she persists in filing appeals or other proceedings arising from the same subject matter as this one.

---

[2] Copeland claims, for example, that although she paid the $400 filing fee for her complaint, the District Court denied her due process by basing its decision on "deception, telepathy, use of a crystal ball, bias and a touch of senility." (Appellant's Br. at 10.) The District Court did not deny Copeland due process, and her payment of the filing fee was required by her decision to file this repetitive complaint.