DLD-309                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1282
_____

JAMES LOMAX,
                                 Appellant

v.

FRANK TENNIS; RICHARD ELLERS; JOHN SYMONS; MELISSA DELLIPONTI;
DR. BRUCE BLATT; MICHAEL WERNEROWICZ; CYNTHIA LINK; JACK
WATERS; DR.  JAFFE; PRISON HEALTH SERVICES; WEXFORD HEALTH
SERVICES; CORIZON HEALTH SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:16-cv-06566)
District Judge:  Honorable Timothy J. Savage
_____

Submitted on a Motion to Proceed In Forma Pauperis, a Motion to Reopen, for Possible
Dismissal Due to a Jurisdictional Defect, or Possible Dismissal pursuant to 28 U.S.C.
§ 1915(e)(2), or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: August 31, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

James Lomax, a prisoner proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania sua sponte dismissing his civil rights complaint.  For the following reasons, we will summarily vacate and remand for further proceedings.

In a complaint signed and submitted to prison authorities for mailing on December 15, 2016, Lomax alleged that prison officials failed to adequately treat his various medical conditions and retaliated against him for complaining about the inadequate treatment.  The District Court granted Lomax's motion to proceed in forma pauperis (IFP) but dismissed the complaint without prejudice under 28 U.S.C. § 1915(e).  In particular, the District Court held that Lomax's claims were time-barred under the applicable two-year statute of limitations.  Although the District Court provided Lomax with 30 days to file an amended complaint, he failed to do so.  Instead, Lomax appealed.[1]

---

[1] On April 12, 2017, the Clerk dismissed the appeal because Lomax failed to submit a prison account statement in support of his application to proceed IFP.  Lomax filed a motion to reopen and a prison account statement.  The motion to reopen is granted because Lomax demonstrated good cause.  See Fed. R. App. P. 3(a); 3rd Cir. LAR 3.3 & Misc. 107.1(a).  The motion to proceed IFP is also granted.  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  Lomax is required to pay the full $505.00 fee in installments regardless of the outcome of the appeal.  The Court hereby directs the warden or his or her designee to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the notice of appeal.  The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Eastern District of Pennsylvania.  In each succeeding month when the amount in the prisoner's account exceeds $10.00, the warden, or his or her designee, shall forward payments to the United States District Court for the Eastern District of Pennsylvania equaling 20% of the preceding month's income credited to the prisoner's account until the fees are paid.  Each payment shall reference

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the dismissal of Lomax's claims.[2]  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997). While the running of the statute of limitations is ordinarily an affirmative defense, a court may dismiss a time-barred complaint sua sponte if it is obvious from the complaint and no development of the record is necessary.  See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).  When considering a civil rights claim, federal courts apply the relevant state's statute of limitations for personal injury actions.  Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).  For civil rights actions originating in Pennsylvania, a two-year statute of limitations applies.  Id.

Accepting Lomax's allegations as true and drawing all reasonable inferences therefrom, see Allah, 229 F.3d at 223, we conclude that a limitations bar is not obvious from the complaint and the material attached to the complaint.  Cf. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (stating that, in addition to the complaint itself, the court may consider exhibits attached to the complaint, matters of public record, and

the appellate docket number for this appeal.  The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

[2] Although the District Court dismissed Lomax's complaint without prejudice, he has, through his filing of a notice of appeal within the 30 days of the dismissal and through his later submissions, indicated his intent to stand on the complaint.  Therefore, the appeal will not be dismissed for lack of jurisdiction.  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (order becomes final where plaintiff given 30 days to amend complaint, but instead files notice of appeal within that time).

3

undisputedly authentic documents upon which the plaintiff rests his claims). In his complaint, Lomax alleged that the events giving rise to his claims occurred from "2003 to present." Clearly, some of the allegations in the complaint pertain to incidents that occurred more than two years before the complaint was filed on December 15, 2016. But the District Court did not consider that Lomax's claims were tolled while he exhausted his administrative remedies through the prison grievance system. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015). Notably, his complaint included forms indicating that the Department of Corrections rendered final decisions on several of his grievances within two years of the complaint's date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing). For instance, on December 17, 2014, the Secretary's Office of Inmate Grievances and Appeals issued two final appeal decisions, rejecting Lomax's claims that he had not been provided with proper care for degenerative changes in his lower back and for blood in his urine.

In light of this material, we conclude that it is not obvious that Lomax's complaint was filed beyond the applicable the statute of limitations. Accordingly, we will vacate and remand for further proceedings. See Wisniewski v. Fisher, 857 F.3d 152, 158 (3d Cir. 2017) ("conclude[ing] that the District Court erred in dismissing … claims as barred by the statute of limitations without considering whether Wisniewski properly exhausted administrative remedies and whether and to what extent the limitations period should be tolled."). We express no opinion as to whether further development of the facts will

ultimately establish the timeliness of any of Lomax's claims or whether the claims are otherwise meritorious.