**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2164
_____

VANDYKE JOHNSON,
                                        Appellant

v.

NJ PROBATION OFFICER ROSE DUNCAN, in
her official and individual capacity; JOSEPH CHARLES,
JR., in his official and individual capacity; BENJAMIN
BERNOUY, in his individual and official capacity;
HUDSON COUNTY SHERIFF'S DEPARTMENT;
COUNTY OF HUDSON COUNTY NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 17-cv-02624)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2017
Before: RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 4, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Vandyke Johnson appeals from an order of the District Court dismissing his in forma pauperis complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying him leave to amend. For the reasons that follow, we will affirm with a modification.

On April 17, 2017, Johnson filed his civil rights action, 42 U.S.C. § 1983, in the United States District Court for the District of New Jersey against the County of Hudson and its Sheriff's Department, Benjamin Bernouy, a Sheriff's Department employee, Probation Officer Rose Duncan, and Family Court Judge Joseph Charles, Jr., alleging federal and state violations of his rights. Johnson alleged that he was detained at JFK International Airport in New York by United States Customs Officer Kevin Adetola on April 15, 2015, when he arrived back from a vacation in the Dominican Republic. Specifically, federal officer Adetola detained Johnson on the basis of an outstanding Hudson County, New Jersey warrant for his arrest. Complaint, at ¶¶ 21-23. Johnson claimed that the warrant was invalid because it was based on a fabricated criminal complaint that he had violated his probation when in fact his probation had expired. Id. at ¶¶ 2, 24-25. Johnson alleged that, while detained at the airport, he contacted his attorney and was able to obtain documentation to show that the warrant was invalid. Id. at ¶ 23. Adetola, after being advised by Johnson that the warrant was invalid, allegedly contacted defendant Detective Bernouy of the Hudson County Sheriff's Department, id., and Detective Bernouy allegedly told Adetola that the warrant was valid, id. at ¶ 29. A

2

New Jersey judge vacated the warrant the next day, on April 16, 2015, id. at ¶ 2, and after that Johnson was released. In addition to these allegations, Johnson alleged that defendant Probation Officer Rose Duncan caused the invalid warrant to be issued even though she knew that Johnson was no longer on probation, id. at ¶ 25.

The specific counts alleged in the complaint were as follows. In Count I, Johnson alleged a violation of § 1983 for false imprisonment and malicious prosecution against Duncan for seeking the 2013 warrant based on information she knew to be false and against Bernouy for telling Adetola that the warrant was valid when it was not. In Count II, Johnson alleged the same § 1983 claims against the Hudson County Sheriff's Department for failing to adequately train and supervise Detective Bernouy and for failing to promulgate adequate policies. In Counts III and IV, Johnson sought an injunction invalidating a Final Restraining Order -- issued by Judge Charles allegedly in violation of Johnson's Fourteenth Amendment rights -- and restoration of his Second Amendment rights. In Count V, Johnson alleged a state law tort of false imprisonment against Duncan and Bernouy. In Count VI, Johnson alleged that the defendants negligently violated his Fourteenth Amendment rights by obtaining a warrant under false pretenses and "not deleting the warrant out of their computer," and against Hudson County for allegedly failing to adequately train and supervise Duncan and Bernouy. Johnson sought money damages and injunctive relief.

The District Court granted Johnson leave to proceed in forma pauperis, and then, in an order entered on May 18, 2018, the Court *sua sponte* issued a form order dismissing Johnson's complaint pursuant to Federal Rule of Civil Procedure 8(a)(2), Rule 12(b)(6), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), for failure to state a claim upon which relief

3

may be granted. The Court stated without explanation that Johnson's claims were barred by the statute of limitations, and that, in addition, several defendants would be protected by immunity from suit. The Court further held that any amendment would be futile.

Johnson appeals. We have jurisdiction under 28 U.S.C. § 1291. We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). A complaint that is filed in forma pauperis under 28 U.S.C. § 1915(a) may be dismissed "at any time" if the District Court determines that it "fails to state a claim on which relief may be granted," id. at § 1915(e)(2)(B)(ii). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) calls for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009).

In his pro se brief, Johnson argues that his suit is timely filed within two years of the date he was released from detention under Manuel v. City of Joliet, 137 S. Ct. 911 (2017), which held that the Fourth Amendment provides a basis under § 1983 for challenging unlawful pretrial detention. He further contends that the District Court erred in immunizing some of the defendants from suit. Johnson has clarified that his probation supervision was transferred to New York from New Jersey and that it ended on October 10, 2013, about a month before the warrant for his arrest issued. Appellant's Informal Brief, at 2. He has clarified that his attorney provided Adetola with documentation concerning the transfer to New York, id., that Adetola was not satisfied, and that he then

4

contacted New York Port Authority Police Officer Darby about making an arrest, id. He then was taken into custody by Port Authority Officer Darby, id.[1] Johnson has clarified that he telephoned his attorney on April 16, 2015 and that his attorney then went to the Hudson County Courthouse and "had [the] invalid warrant recalled by [a] New Jersey State Judge," id. at 3, and that he then was released from custody on April 17, 2015, id.[2]

We will affirm. We address the matters that are relatively straightforward first. With respect to defendant Family Court Judge Charles, Johnson has failed to allege any action, either in his complaint or his Informal Brief, that would be adequate to demonstrate personal involvement on the part of Judge Charles in connection with the § 1983 claims of false imprisonment and malicious prosecution. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (under 42 U.S.C. § 1983 plaintiff must demonstrate that each defendant was personally involved in alleged wrongdoing). The November 15, 2013 warrant, which Johnson attached to his complaint, was issued by a different state judge; it was issued when Johnson, in apparent contempt of court, failed to appear before the Honorable Frederick J. Theemling, Jr. on the probation violation matter. Johnson's allegations of Fourteenth and Second Amendment violations and request for injunctive relief appear to concern, not his claims for false imprisonment and malicious prosecution, but rather a Final Restraining Order issued against him in a domestic violence matter, which remains in force. Accordingly, we uphold the *sua sponte* dismissal of Johnson's

---

[1] Johnson has sued Adetola and Darby in federal court in the Southern District of New York. Id. at 2-3.

[2] Because of the thoroughness of Johnson's Informal Brief, a remand so that he may amend his complaint would be futile, see Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

5

complaint as to Judge Charles on the basis of lack of personal involvement in the matter of Johnson's alleged unlawful detention. With respect to the Final Restraining Order, we uphold the dismissal of the complaint on the basis of immunity from suit. Johnson alleged no facts to show that Judge Charles' actions were taken in the clear absence of jurisdiction, Stump v. Sparkman, 435 U.S. 349, 357 (1978), and thus, Judge Charles is absolutely immunized from a suit for damages. As to Counts III and IV, injunctive relief is not available against a judicial officer unless a declaratory decree was violated or declaratory relief is unavailable, 42 U.S.C. § 1983; Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000), which Johnson does not allege.

We further conclude that the doctrine of sovereign immunity protects Hudson County and its Sheriff's Department from suit in federal court, as well as defendants Duncan and Bernouy to the extent that they were sued in their official capacities. The Eleventh Amendment protects states and their agencies and departments from suit in federal court. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). A state cannot be sued in federal court by citizens of another state or its own citizens, Edelman v. Jordan, 415 U.S. 651, 662-63 (1974), or by citizens of a foreign state, Hans v. Louisiana, 134 U.S. 1, 10 (1890). Moreover, a suit against a state official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). As such, it is no different from a suit against the State itself. Id. Hudson County and its Sheriff's Department are agents of the state of New Jersey for Eleventh Amendment purposes and therefore not amenable to suit in federal court, see Wright v. State, 778 A.2d 443 (N.J.

6

2001).[3]  Accordingly, we uphold the *sua sponte* dismissal of the complaint in its entirety as to Hudson County and its Sheriff's Department and defendants Duncan and Bernouy to the extent that they were sued in their official capacities.

We turn our attention then to the issue of the timeliness of Johnson's § 1983 claims against Duncan and Bernouy in their individual capacities.  Johnson contends in his pro se brief that his false imprisonment and malicious prosecution claims accrued on April 17, 2015 when he was released from detention, see Manual, 137 S. Ct. 911, such that the instant action, filed on April 17, 2017, was timely filed within two years, which he assumes is the allotted time.  Appellant's Informal Brief, at 4.  We take a somewhat different approach to the timeliness of Johnson's complaint.  The statute of limitations for a civil rights action is determined by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 275 (1985).  Courts should apply the statute of limitations of the state where the cause of action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  See also Pearson v. Secretary Dep't of Corrections, 775 F.3d 598, 602 (3d Cir. 2015).[4]  Here, there are two candidates for consideration: New Jersey and New York.  The District Court appears to have concluded that New Jersey's two-year statute of limitations for personal injury claims should govern, see N.J. Stat. Ann. § 2A:14-2(a); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir.

---

[3] Johnson noted in his complaint that he has pursued a state tort claim against the defendants in connection with his alleged unlawful detention.  Complaint, at ¶ 14.

[4] To the extent that we applied a "forum state" rule in Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993), we note that, in that case, the forum state and the state where the harm occurred were the same: Pennsylvania.

1989), and that the cause of action accrued on the day of the arrest, April 15, 2015, see Bayer v. Township of Union, 997 A.2d 1118, 1129 (N.J. Super. Ct. 2010) (claim for false arrest accrues on date of arrest). However, the arrest and detention, which are the source of the harm to Johnson, occurred in New York. Therefore, an argument can be made that Johnson's § 1983 counts for false imprisonment and malicious prosecution accrued not in New Jersey but in New York, in which case New York's three-year statute of limitations applies, see N.Y. C.P.L.R. § 214(5).

With those principles in mind, we uphold the dismissal of the complaint against Duncan in her individual capacity as time-barred. Even if we apply New York's three year statute of limitations, her contribution to the harm ended no later than November 15, 2013, when the warrant, which allegedly was based on her intentionally providing false information to the court, issued. Any § 1983 action against her under New York's statute of limitation would have to have been filed by November 15, 2016. Although Count VI may be read to state an ongoing claim of negligence against Duncan (and the other defendants) for "not deleting the warrant out of their computer" system, a negligent deprivation of rights is not actionable under § 1983 and the Fourteenth Amendment, Daniels v. Williams, 474 U.S. 327, 328 (1986). Accordingly, we uphold the *sua sponte* dismissal of the § 1983 claims against Duncan in her individual capacity as time-barred and the dismissal of Count VI, the negligence count, in its entirety.

Defendant Bernouy is alleged to have verified the existence of the warrant on or about April 15, 2015. If New York law applies, whether the § 1983 claim against him for false imprisonment and malicious prosecution accrued on April 15, 2015 or April 17, 2015 need not be decided; if New York law applies, at a minimum, Johnson's complaint

8

was not due until April 15, 2018. Accordingly, we decline to uphold dismissal of the § 1983 claims against Bernouy in his individual capacity on timeliness grounds. Nevertheless, dismissal was proper on the basis of qualified immunity. The doctrine of qualified immunity protects a government official from a claim for damages when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" Iqbal, 556 U.S. at 685 (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)). Thus, qualified immunity shields officers who have "reasonable, but mistaken beliefs" as to the law. Saucier v. Katz, 533 U.S. 194, 205 (2001). See also Anderson v. Creighton, 483 U.S. 635, 641 (1987). Here, Bernouy merely conveyed to federal officer Adetola the existence of a facially valid warrant for Johnson's arrest. Johnson did not allege that the warrant was not facially valid when Bernouy communicated with Adetola, and, in fact, he specifically acknowledged that the warrant was not quashed by a judicial officer until April 16, 2015. Bernouy's reliance on a facially valid warrant for Johnson's arrest was objectively reasonable. Id. Thus, we uphold the dismissal of the § 1983 claims against him in his individual capacity. Cf. Rogers v. Powell, 120 F.3d 446, 456 (3d Cir. 1997) (concluding that state trooper who was inaccurately told by another trooper that there was warrant for plaintiff's arrest was qualifiedly immunized from suit).

Last, we will modify the District Court's order to state that dismissal of Count V, the state tort claim for false imprisonment, is without prejudice. Because the District

Court dismissed all claims over which it had original jurisdiction and did not specifically address Count V, it was proper to decline to exercise supplemental jurisdiction over that count. 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, we will affirm the order of the District Court *sua sponte* dismissing Johnson's complaint with prejudice as to all parties and all claims, except that Count V, the state tort count, is dismissed without prejudice.