**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3947
_____

WILLIAM R. JONES,
Appellant

v.

UNKNOWN D.O.C. BUS DRIVER AND TRANSPORTATION CREW,
in their personal and professional capacity;
SUPERINTENDENT PITTSBURGH SCI; CAPT. MOHRING
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-16-cv-01174)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2017

Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 8, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William R. Jones is a former Pennsylvania prisoner proceeding pro se. In August 2016, Jones commenced this civil rights action in the United States District Court for the Western District of Pennsylvania alleging that, in late 2013, while he was being transported between SCI Pine Grove and SCI Smithfield, a Department of Corrections (DOC) bus driver violated his constitutional rights in several respects. Specifically, Jones alleged that on the way to SCI Pine Grove, the bus driver harassed and threatened him in retaliation for his having spoken to another inmate on the bus, and intentionally switched his property box—which included his legal materials—with the other inmate's. He further alleged that on the way back to SCI Smithfield, the bus driver placed him in the segregation cage for "no other reason than his malicious pleasure and to psychologically intimidate [Jones]." (Compl. 3, Doc. No. 3) (punctuation altered). Based on these allegations, Jones claimed that he had been denied access to the courts and that his rights under the First, Fifth, and Eighth Amendments had been violated.

The District Court granted Jones's request to proceed in forma pauperis and screened the complaint under 28 U.S.C. § 1915(e)(2)(B). The District Court initially referred the complaint to a Magistrate Judge who recommended that it be dismissed as time-barred. Following Jones's objections, however, the District Court determined that Jones's claims were timely and proceeded to consider whether he had stated a claim on which relief could be granted. See § 1915(e)(2)(B)(ii). Upon review, the District Court concluded that he had not. The District Court then considered whether to afford Jones a chance to cure the deficiencies in his complaint, but determined that amendment would

be futile.  See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, by order entered September 30, 2016, the District Court dismissed the complaint.  Jones now appeals from the District Court's order.[1]

We will vacate the District Court's order.  While we agree with the District Court that Jones's initial pro se pleading was insufficient, we cannot agree that amendment necessarily would have been futile—that is, that Jones could not include additional factual allegations to cure the pleading deficiencies.  For example, although the District Court correctly noted that Jones had not alleged sufficient injury to support an access-to-the-courts claim, we see no reason why he should not have been permitted to provide additional details regarding the injury he suffered as a result of the bus driver's actions. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (stating that a plaintiff seeking damages for the denial of access to the courts must show that the alleged deprivation of legal material led to an actual injury, that is, "the loss or rejection of a legal claim").  Indeed, Jones includes several additional facts in his brief on appeal, noting, for instance, that as a result of the bus driver's actions, he was forced "to go to court without [his] legal papers,

_____

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review of the District Court's dismissal of Jones's complaint under § 1915(e)(2)(B).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

3

which stop[ped him] from presenting [his] argument for [his] post-conviction motion," causing him to lose his post-conviction motion "forever." (Br. 8.) In light of this contention, Jones should be permitted an opportunity to set forth additional allegations to state an access-to-the-courts claim, as well as any other claims he previously pleaded and still wishes to pursue. This is particularly so given that Jones's objections to the Report and Recommendation reasonably focused on the Magistrate Judge's timeliness analysis rather than the viability of his claims.

Accordingly, we will vacate the District Court's judgment and remand this matter for further proceedings consistent with this opinion.