**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3671
_____

WILLIAM R. JONES,
                                        Appellant

v.

UNKNOWN D.O.C. BUS DRIVER AND
TRANSPORTATION CREW;
MARK CAPOZZA, Superintendent, in his personal and
professional capacity;
CAPT. MOHRING, in his personal and professional capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:16-cv-01174)
Magistrate Judge: Honorable Lisa P. Lenihan
_____

Argued: September 12, 2019

Before: HARDIMAN, GREENAWAY, JR., and BIBAS,
*Circuit Judges*.

(Filed: December 13, 2019)

Amir H. Ali                [ARGUED]
Roderick & Solange
MacArthur Justice Center
777 6th Street NW
11th Floor
Washington, DC 20001
        *Counsel for Appellant*

Mary L. Friedline
Anthony T. Kovalchick      [ARGUED]
Kemal A. Mericli
Office of Attorney General of Pennsylvania
1251 Waterfront Place
Pittsburgh, PA 15222
        *Counsel for Appellees*

————————————

OPINION OF THE COURT
————————————

BIBAS, *Circuit Judge*.

If a prisoner wants to file a § 1983 suit, he must exhaust the prison's internal administrative remedies first. Because he must clear this hurdle before suing, we wait to start the limitations clock until after he has exhausted them (or after his release, whichever comes first). This is true whether he sues from prison or sues after his release. Either way, the plaintiff had to delay filing while he exhausted his remedies in prison.

Former prisoner William Jones spent the last ten months of his Pennsylvania state prison sentence exhausting his administrative remedies for alleged violations of his constitutional rights. Just under two years after his release, he filed a § 1983 claim against various prison officials. A magistrate judge, who was presiding with the parties' consent, dismissed his complaint as time-barred, finding that Jones had filed the claim after Pennsylvania's two-year limitations period had expired. But because we exclude the ten months Jones spent exhausting his administrative remedies from the two-year clock, Jones's filing was timely. So we will vacate the magistrate judge's order.

Though his claims are timely, some fail on other grounds. Jones failed to state a claim against two of the appellees. And his claim for injunctive relief became moot when he was released from prison. So we will affirm the dismissal of these claims. On remand, Jones may pursue his claims for monetary relief against the remaining defendants.

## I. BACKGROUND

### A. The bus incidents

On reviewing this motion to dismiss, we take the allegations in the complaint as true: Jones is a former Pennsylvania state prisoner. On October 31, 2013, he was on a prison bus, traveling to court for his post-conviction hearing. Jones struck up a conversation with a fellow inmate. In response, the bus driver "threaten[ed]" Jones and the other inmate, telling them to "shut up" or else he would take their boxes of property. App. 93. The driver then intentionally switched Jones's property box

3

with that of the other inmate. The box held Jones's legal books and papers that he had prepared for the hearing. Without them, he could not present his arguments for a reduced sentence to the court.

Almost two weeks later, Jones was waiting in line for another prison bus. The same bus driver yanked him out of line, put him in the bus's segregation cage, and berated him. Jones told the other inmates to get the names of the bus driver and transportation crew so he could report their actions. In response, they took off their name tags. Jones never learned their names.

The stress of this incident exacerbated his mental ailments and caused him to have a nervous breakdown. For two days after the second bus ride, he stayed in the prison's medical annex.

A few days later, Jones filed a grievance with the prison, complaining of both trips. Over the next ten months, he refiled, appealed, and sent follow-up letters to the prison about his grievance. This back-and-forth ended in September 2014, when he was released from prison. As of then, the prison still had not decided his grievance.

### B. Jones's complaint

Just under two years after his release, Jones filed a pro se §1983 complaint against the unnamed bus driver and crew, Superintendent Capozza, and Security Captain Mohring. He sought an injunction ordering the prison to reassign the bus driver and transportation crew. He also sought compensatory and punitive damages for his physical and mental suffering.

The District Court referred the case to a magistrate judge, who recommended dismissing the complaint as time-barred. Her reasoning followed a simple syllogism: §1983 borrows Pennsylvania's two-year statute of limitations for personal injury claims. 42 Pa. Cons. Stat. §5524; *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). And Jones filed more than two years after the bus incidents. So the two-year limitations period, she reasoned, bars Jones's claims.

Jones objected to her calculation, arguing that the two-year period did not begin until he exhausted his administrative remedies. The District Court agreed, finding that this Court's decision in *Pearson v. Secretary Department of Corrections* requires courts to toll statutes of limitations while prisoners exhaust their administrative remedies. 775 F.3d 598, 603 (3d Cir. 2015). And because Jones filed less than two years after he was released, his complaint was timely. Still, the District Court dismissed his complaint for failure to state a claim. It also found that it would be futile to grant leave to amend, so it dismissed with prejudice.

## C. The first appeal, remand, and second appeal

On appeal, we vacated the District Court's order dismissing with prejudice. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 700 F. App'x 156, 157 (3d Cir. 2017) (per curiam). We agreed that Jones's original complaint had failed to state a claim, but we disagreed that any amendment would necessarily have been futile. *Id.* We thus vacated and remanded to let Jones amend. *Id.*

5

On remand, Jones consented to jurisdiction before a magistrate judge. His case was then transferred to the same magistrate judge who had recommended dismissing his claim. She again dismissed his amended complaint as time-barred. She acknowledged that the limitations period is tolled for a *prisoner* who exhausts his administrative remedies before suing. But she held that the same rule does not apply to *former prisoners* who sue after their release.

Jones now appeals. The magistrate judge had jurisdiction under 28 U.S.C. §§ 636(c)(1) and 1331. We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291. We review de novo. *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000).

## II. THE MAGISTRATE JUDGE ERRED IN DISMISSING JONES'S COMPLAINT AS TIME-BARRED

### A. The time a former prisoner spent exhausting his administrative remedies does not count toward Pennsylvania's limitations period

In *Pearson*, we held that Pennsylvania's two-year statute of limitations for § 1983 claims is tolled while a prisoner exhausts his administrative remedies. 775 F.3d at 603. Today, we hold that this tolling rule benefits former prisoners too. The Pennsylvania tolling statute demands it. And including a former prisoner's exhaustion period would give prison officials perverse incentives to delay the grievance process.

Pennsylvania law provides: "[w]here the commencement of a civil action or proceeding *has been* stayed by a court *or by statutory prohibition*, the duration of the stay is not a part of

6

the time within which the action or proceeding must be commenced." 42 Pa. Cons. Stat. § 5535(b) (emphases added). In *Pearson*, we held that "the PLRA['s exhaustion requirement] is a *statutory prohibition* that tolls Pennsylvania's statute of limitations." 775 F.3d at 603 (emphasis added).

The magistrate judge correctly noted that the PLRA's exhaustion requirement no longer applies to former prisoners who complain of alleged constitutional violations that they suffered in prison. *See Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002). We recognized in *Ahmed* that the PLRA combats "frivolous litigation[ ]" only if it is filed "by idle prisoners." *Id.* So we and "every [other] court of appeals to have considered the issue ha[ve] held that the PLRA does not apply to actions filed by former prisoners." *Id.* at 210 n.10. Once the prisoner is released, "he can sue without meeting [the PLRA's] exhaustion requirement." *Id.* at 210. So, the magistrate judge explained, former prisoners are not entitled to the same tolling benefit as current prisoners.

But even though the PLRA no longer creates a statutory impediment to a former prisoner's filing, he can still claim the benefit of the Pennsylvania tolling statute. Whether the plaintiff exhausts his administrative remedies and sues from prison or exhausts in prison and later sues after his release, the plaintiff "has been" statutorily barred from suing while he exhausted. 42 Pa. Cons. Stat. § 5535(b). In other words, upon his release, the exhaustion requirement no longer applies. But that change in circumstance does not alter the past restriction. In either situation, Pennsylvania's tolling statute applies.

Plus, if we were to include the time a former prisoner spent exhausting, prison officials could simply run out the clock. By drawing out the grievance process for two years after a prisoner's last injury, they could bar former prisoners from ever suing them. That cannot be so. Nothing in the text or design of the PLRA suggests that it lets prison officials dodge accountability by running out the clock. And Jones should not be penalized for following the PLRA's rules and trying to exhaust his administrative remedies while incarcerated.

## B. Jones's complaint is not time-barred

Under this rule, Jones's filing was timely. The bus incidents happened in October and November 2013. Over the next ten months, he pursued his administrative remedies. This paused the running of the clock until he was released on September 5, 2014. Upon release, he no longer had to exhaust. His release date was thus the first time that Jones could file a civil complaint. Pennsylvania law gave Jones two years from his release date to sue. 42 Pa. Cons. Stat. § 5524. He sued on July 28, 2016, less than two years later. Thus his suit was timely.

## III. JONES FAILED TO STATE A CLAIM AGAINST APPELLEES CAPOZZA AND MOHRING

Though his claims are timely, some fail on other grounds. Besides suing the prison bus driver and transportation crew, Jones also sued Superintendent Capozza and Security Captain Mohring in their official and personal capacities. Jones's claims against Capozza and Mohring in their official capacities are barred by sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (noting that a suit against a state

8

official in his official capacity is a suit against his office and cannot proceed under § 1983); *Lavia v. Pa. Dep't of Corr., State Corr. Inst. at Greene*, 224 F.3d 190, 195 (3d Cir. 2000) (recognizing that the Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity").

Jones's claims against Capozza and Mohring in their personal capacities fail too. He alleged no facts showing that either one had any personal involvement in the two bus incidents. Because § 1983 does not allow vicarious liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Though we must construe pro se pleadings liberally, Jones did not allege any such facts. And he has already had two chances to tell his story, since we let Jones amend his complaint after his first appeal. So giving him further leave to amend would be futile. We will thus affirm the dismissal of Jones's claims against Capozza and Mohring.

## IV. JONES'S CLAIM FOR INJUNCTIVE RELIEF IS MOOT

Jones sought both money damages and an injunction to reassign the bus driver and transportation crew. But when he was released from prison, the request for an injunction became moot because he is unlikely to suffer any more harm from the bus driver or transportation crew. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111–12 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). We will thus affirm the dismissal of his claim for injunctive relief.

\* \* \* \* \*

The statute of limitations for a § 1983 claim is tolled while a prisoner exhausts his administrative remedies in prison, whether he sues before or after his release. So Jones's suit is timely, and we will vacate the magistrate judge's dismissal and remand. Some of his claims fail for other reasons: he failed to state a claim against appellees Capozza and Mohring, and his claim for injunctive relief is moot. We will thus affirm the dismissal of these claims. On remand, Jones is free to pursue his claims against the unnamed bus driver and transportation crew in their personal capacities for money damages.